### ADA M. WELCH, Executrix, etc., Respondent, v. JULIA MASTIN et al., Appellants.

Kansas City Court of Appeals, February 2, 1903.

1. **Attorney and Client: NEGLIGENCE: CONSEQUENCE.** The negligence of the attorney to take proper steps in a cause is the negligence of the client himself, who takes the consequences as though he had been the actor.

2. **Appellate and Trial Practice: SETTING ASIDE DEFAULT: DISCRETION.** The setting aside of a judgment by default is a matter of discretion of the trial court which will not be interfered with in the absence of manifest abuse.

3. ———: ———: **DEFENSE.** In an application to set aside a default it is proper as mere inducement to allege a good and meritorious defense to the action, but it has no place in the motion save as inducement.

4. ———: ———: **PLEADING: TAXBILL.** A petition founded on a taxbill is held to sufficiently plead the ordinance authorizing the improvement, and that it provided that the taxbill should be issued in installments, and that the work was done and the bills issued as provided by the ordinance especially after default.

5. **Pleading: PETITION: FAILURE TO STATE CAUSE OF ACTION.** If a petition fails to state facts sufficient to constitute a cause of action, objection may be made after the trial though no demurrer was interposed.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*R. H. Field* for appellant.

(1)   The court should not assume the existence, nor take judicial notice, of an ordinance authorizing the issuance of these taxbills in four installments.   Such an ordinance must be pleaded and proven.   St. Louis v. Roche, 128 Mo. 544.   (2)   The petition in all cases, is required by the code in this State to state facts sufficient to constitute a cause of action.   It would seem to follow from this provision that if it is to be considered sufficient to plead the contents of the taxbill in the petition, then the taxbill should recite facts which show on its face that it is an authorized charge upon the land against which it has been issued.   The only other view, at all consistent with the code requirement, would be to require the petition to state facts sufficient to constitute a cause of action upon the taxbill, regardless of the omission of recitals in the taxbills.   Upon either view, the petition in this case is sufficient and the judgment thereon should be reversed, because neither count of the petition states the time of maturity of the first, second or third installments of the special taxbills, also because neither count of the petition contains any allegation that the common council authorized the special taxbills sued on to be issued and made payable in four installments.   Linneus v. Locke, 25 Mo. App. 407; Galbreath v. Newton, 30 Mo. App. 380; Trenton v. Coyle, 107 Mo. 197; St. Louis v. Gleason, 89 Mo. 67; Jerico Springs v. Phelps, 39 Mo. App. 289; Himmelman v. Davis, 35 Calif. 441; Shearer v. Corbin, 1 Mc-Creary, U. S. C. Ct. 306.   (3) On any view of the facts above stated, the trial court erred in not sustaining appellants' motion to set aside its finding and judgment, and for which error, independent of the showing as to the merits of the case, the judgment should be reversed. Schaffer v. Siegel, 7 Mo. App. 542; Maloney v. Hunt, 29 Mo. App. 379.   (4)   The apparent or real negligence of an attorney, especially in the light of the facts and

circumstances shown in this case, should not deprive defendants of their meritorious defense in this case. Stout v. Lewis, 11 Mo. 438; O'Fallon v. Davis, 38 Mo. 269. (5)   The right to select as paving material between asphalt, wood, stone and brick, a conceded right, is one thing; a municipal regulation that the one selected shall be obtained from a particular place, or from a particular person only, is a very different thing.   "The law recognizes in no one a right to create or maintain a monopoly."   Keen v. Mayor, 101 Ga. 592.   See more particularly: Construction Co. v. Von Versen, 81 Mo. App. 519; City of Atlanta v. Stein, 111 Ga. 789; Town of Crowley v. West, 52 La. Ann. 526; City of Chicago v. Rumpf, 45 Ills. 90; State ex rel. v. Warden of Prisons, 157 N. Y. 126; Dillon on Munic. Corp. (4 Ed.), secs. 322, 362, 694 and 695; Sayre Borough v. Phillips, 148 Pa. St. 482; Brooks v. Cooper, 50 N. J. L. 761; Brimmer v. Rebman, 138 U. S. 78; Voight v. Wright, 141 U. S. 62; Packing Co. v. Mayor, 60 Fed. Rep. 779; Greensboro v. Eprenseich, 80 Ala. 579; Sayre Borough v. Phillips, 148 Pa. St. 483; Ex parte Keiffer, 40 Fed. Rep. 399; Spellman v. New Orleans, 45 Fed. Rep. 3; Breman v. Titusville, 155 U. S. 301.

*Karnes, New, Hall & Krauthoff* for respondent.

(1)   The case was set regularly at foot of docket, was afterwards regularly noted for trial on a designated day, and was properly heard and determined on that day.   (2)  A decision by the trial court, on a motion to open a judgment by default upon a question of fact where there is conflicting evidence, "will rarely or never be reversed on appeal."   6 Ency. of Pl. and Pr., 203; Poirier v. Gravel, 88 Cal. 79; s. c., 26 Pac. 962; Swanstrom v. Mowin, 38 Minn. 359; 27 N. W. 455; Flanigan v. Duncan, 47 Minn. 359; 47 N. W. 981; Palmer v. Harris, 98 Ill. 507.   (3) The Mastins had no legal right to have the judgment by default set aside.   Their

application was addressed to the discretion of the court. This court will not interfere unless there has been a clear abuse of that discretion, and this there was not. 6 Ency. of Pl. and Pr., 200; Kibben v. Eckelkamp, 34 Mo. 480; Carr v. School District, 42 Mo. App. 156; Jacob v. McLean, 24 Mo. 40; Florez v. Uhrig, 35 Mo. 517; Robyn v. Publishing Co., 127 Mo. 385.     (4) The negligence of the defendants' attorney is his own negligence.     (5) The question as to the sufficiency of the petition is not before this court on this appeal.     Exley v. Berryhill, 37 Minn. 182, 33 N. W. 567; 6 Ency. of Pl. and Pr., 237, and cases cited.     (6)     The petition states a cause of action.

ELLISON, J.—Plaintiff sued defendants to enforce the lien of two special taxbills issued against property described in the petition.     There was a judgment by default.     Defendants thereafter appeared and moved to set aside the default.     The trial court overruled the motion and defendants have appealed from that order.

It appears that after answer filed by Mr. Jones, defendants' attorney, the case was put at the foot of the docket to be tried on July 9, 1901.     On that day, defendants not appearing, judgment by default was entered.     Defendants state in their motion to set aside this default that they were not notified of its being set for trial on a day certain and that the setting of the case "for hearing on July 9, 1901, was overlooked by their attorney."     And that "before July 9, 1901, the day on which the finding and judgment was entered in the above cause, these defendants had retained R. H. Field, esquire, as their attorney in this and numerous other similar cases pending in this court against these defendants, with an understanding that a list of all such cases was to be furnished by said T. A. F. Jones, their attorney of record, to said R. H. Field; that because of the neglect or failure of their former attorney, T. A. F. Jones, to notify these defendants or said R. H. Field

of the pendency and state of the docket for trial of the above-entitled cause as one of the said cases in which the said R. H. Field was retained by these defendants, as advised by these defendants to do, and as expected by them and the said R. H. Field that the said T. A. F. Jones would do, and relying thereon, these defendants and their present attorney, R. H. Field, had no knowledge or information of the pendency of this cause for trial at the present term of the court.''

It thus clearly appears from the motion that the cause of defendants' failure to appear was the neglect of their attorney. Ordinarily the neglect of the attorney (not reaching the point of collusion, or the like, of which there is no pretense in this case) is the neglect of the client himself; and he takes the consequence as though he had been the actor. Gehrke v. Jod, 59 Mo. 522; Biebinger v. Taylor, 64 Mo. 63; Robyn v. Publishing Co., 127 Mo. 391; Tower v. Ellsworth, 112 Ga. 460.

Setting aside a judgment by default is a matter of discretion with the trial court. Matters may be known, or be made to appear, to the trial court which appeal to its sense of justice and fair play and cause it to sustain or deny a motion to set aside a default. Its discretion in that behalf will never be interfered with unless it be clearly shown that thère has been an abuse of that discretion. No such showing is made here. The evidence. heard by no means shows such abuse. Indeed, for aught that appears to the contrary, the court would have been justified in overruling the motion upon the statements contained therein alone. For, as already said, it merely discloses a neglect of the attorney of record.

Defendant's motion contains a statement that the ordinance authorizing the work and taxbills was void for the reason that it created a monopoly ''in favor of Diamond Brick Company by requiring the brick for the paving to be got of that company.'' Whether this allegation was intended as a cause for setting aside the

default, or merely as an inducement disclosing that defendants had a meritorious defense if allowed to show it, does not appear. It was proper enough for the defendants to allege that they had a good and meritorious defense as an inducement to granting the motion. But simply as a defense, it has no place in a motion to set aside a judgment by default. Otherwise the, hearing of such motion would involve a trial on the merits. That a defendant has a meritorious defense is an inducement to set aside the default, and ought to be a requisite to his getting it set aside; but, manifestly, it ought not to be considered as a controlling and conclusive cause.

Defendants, however, go beyond the terms and allegations of their motion and now insist that the petition fails to state a cause of action. Plaintiff denies the right to raise such question on this appeal. But passing that by without decision, we find the objection not well taken. The specific defect claimed is that the petition does not properly allege that the taxbills were issued payable in installments. Such allegation becomes material from this consideration. Authority to issue in installments must be had by ordinance. The lien of a taxbill is limited to two years unless issued payable in installments, in which case the lien lasts two years from the last installment becoming due. The petition shows that the bills were issued more than two years before this action was brought. It was therefore necessary that the petition should allege that the installments were authorized by ordinance; and the question is, has it so alleged? That part of the petition bearing on the question is as follows:

"That on April 7, 1896, the board of public works of said city did issue a certain taxbill, numbered 18, against said above-described real estate. Said taxbill was issued in part payment for paving Twentieth street from Southwest boulevard to Oak street, as provided by ordinance number 6850, of Kansas City, Missouri, entitled, 'An ordinance to pave Twentieth street from

Southwest boulevard to Oak street," approved October 17, 1895; that it appears from said taxbill, and plaintiff states the fact to be, that said work has been completed according to contract by J. E. Faris, contractor, to whom this special taxbill was issued in part payment therefor, and the sum mentioned has been duly assessed and apportioned against the aforesaid land, being the exact amount chargeable against said land.

"Said taxbill is payable in four equal installments of one hundred and four dollars and thirty-eight and three-fourth cents each on presentation of the three installment coupons thereto attached at maturity thereof, the fourth and last installment of one hundred and four dollars and thirty-eight and three-fourths cents, being payable on the 31st day of May, 1899, with interest thereon as therein mentioned, on the surrender and cancellation of said taxbill. It is further provided that said taxbill shall bear interest from the date of issue at the rate of seven per cent per annum, and when any installment shall become due and collectible as therein provided, interest thereon and on all unpaid installments shall be due and collectible to that date. It is further provided in said bill that if any installment of said taxbill or interest thereon be not paid when due, then all the remaining installments shall become due and collectible, together with interest thereon at the rate of ten per cent per annum from the date of issue of said taxbill, less the sum of any interest that may have already been paid on such installments."

The ordinance referred to in the petition by number (6850) entitled, "An ordinance to pave Twentieth street from Southwest boulevard to Oak street" is sufficiently pleaded, and plaintiff contends that the allegations show that the taxbill was issued as provided by that ordinance, and that it was payable in four equal installments. Now if the bill was payable in four installments and was issued as provided by ordinance, the ordinance must have provided for the installments. We think the peti-

tion does allege that the bill was issued as provided by ordinance. Defendants say not. They say the allegation is that the *paving* was done as provided by ordinance. The particular allegation, as shown above, is: "Said taxbill was issued in part payment for paving Twentieth street from Southwest boulevard to Oak street as provided by ordinance number 6850," etc.

We have no doubt that, at this stage of the proceeding, we should, in support of the judgment, construe the allegation to mean that the taxbill was issued as provided by ordinance. The allegation covers the contention of both parties: that is, that both the taxbill was issued and the paving was done as provided by ordinance. Certain it is, that it would be unsafe, as well as unfair, to allow so critical a view to prevail after judgments have been rendered. If a petition fails to state facts sufficient to constitute a cause of action, the objection may be made after the trial, though no demurrer was interposed. But we are of the opinion that sufficient facts are stated, though they might have been set forth with more precision.

We discover no valid reason for reversing the judgment and it is therefore affirmed. All concur.