Common Pleas Court of Hancock County.

ILLINOIS NATIONAL SUPPLY CO. v. GEORGE W. WHITMAN ET AL.

Decided, January Term, 1911.

*Judgments—Misunderstanding Between Attorney and Client—Result-*
*ing in Judgment Being Taken by Default—Held Not to Have*
*Been an "Unavoidable Casualty or Misfortune"—Procedure where*
*Foreign Corporation Has Failed to File a Certificate with the Secre-*
*tary of State—Sections 11631 and 183.*

1. A misunderstanding between attorney and client, by reason where-
of a default judgment was taken against the client, does not
constitute such unavoidable casualty and misfortune as author-
izes the vacation of the judgment after term.
2. In an action by a foreign corporation it is not necessary that the
petition aver compliance with the statutory requirement as to
the filing of a certificate with the Secretary of State as a con-
dition precedent to the right to do business within the state. The
defense of such non-compliance must be raised by answer, and
does not go to the jurisdiction of the court, and is too late after
judgment.

*Taber, Longbrake & O'Leary,* for plaintiff.
*John Sheridan,* contra.

DUNCAN, J.

Heard on demurrer to petition to vacate judgment after term.

This is a case on petition to vacate judgment after term. The
judgment was for the sum of $914.35 and was rendered by
default at the February term, 1910. The defendant, Tripple-
horn, who complains of the judgment, claims he was prevented
from defending the suit by "unavoidable misfortune" in that
he was served with summons in the action just as he was about
to depart for the state of Oklahoma on important business
which he could not defer without great loss, and that he left the
matter with his attorney, and "as he thinks," with instructions

to prepare and file an answer for him, but that through some misunderstanding on the part of his attorney, the same was not done. That ignorant of such matters, he relied upon his attorney and thought the case would come up for trial at the next September term, until August 12, 1910, when he was advised of the judgment. He further says he has a good defense to said action and he tenders an answer setting up a good defense. He also says that this judgment is void for the reason that the plaintiff, an Illinois corporation, at the time said judgment was rendered, had not complied with the laws of Ohio governing foreign corporations and was not authorized to do business or maintain any action in this state.

The case is submitted upon a general demurrer to this petition. Conceding these facts to be true, therefore, is the defendant entitled to have said judgment vacated?

In solving this question, we start out with the proposition that the court has discretionary control of its judgments during the term at which they are rendered, but that this control ends with the term. *Huntington* v. *Finch*, 3 Ohio St., 445.

In many of the states, this power is discretionary after as well as during the term. In some, by decision of the courts, where there is no statute on the subject. In others, because a discretionary power is given by statute. In Ohio, the power is given and controlled by statute (General Code, 11631). This section so far as it relates to the matter her under discussion, reads as follows:

"The common pleas court, or the circuit court, may vacate or modify its own judgment or order, after the term at which the same was made:     *     *     *

"7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

In this state after judgment term, as in this case, the court has no discretion in the matter. The power of the court to vacate its judgments after the term is governed by settled principles as applied to the statute, to which the courts must conform and their action thereon is a final order subject to re-

view and reversal, the same as any other order or judgment. *Huntington* v. *Finch, supra; Hettrick* v. *Wilson,* 12 Ohio St., 136; *Braden* v. *Hoffman,* 46 Ohio St., 639; *Van Ingen* v. *Berger,* 82 Ohio St., 255, 259. So that, the question here is one of absolute right. *Exposition B. & L. Co.* v. *Spiegel,* 12 C. C., 761; *Cincinnati* v. *Railway,* 56 Ohio St., 675; *Interstate Life Assur. Co.* v. *Raper,* 78 Ohio St., 113.

"Unavoidable misfortune," is one of the grounds provided by said General Code, 11631, upon which a judgment may be vacated after term, so the question to be determined is whether the facts plead make a case within this provision. In the state of Kansas where this same ground is provided for the vacation of judgments it is held that it must be "so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches" (*Hill* v. *Williams,* 6 Kan., 17). And so it was held by the district court of Cuyahoga county, Ohio, that the complainant must clearly show, first, that he was without negligence himself or by his attorney; second, that he exercised due diligence in making or attempting his defense; and third, that he was prevented by unavoidable casualty. *Fliedner* v. *Rockefeller,* 12 Bull., 20. Also in *Clark* v. *Ewing,* 93 Ill., 572. That the negligence of the attorney is negligence of his client is also held in *Gordon* v. *Cowle,* 1 Clev. L. Rep., 18; *Clark* v. *Delorac,* 2 Bull., 113. And this seems to be the great weight of authority in the absence of collusion or fraud upon the part of the attorney in permitting judgment to be entered against his client. *Eggleston* v. *Trust Co.,* 205 Ill., 170; *Moore* v. *Horner,* 146 Ind., 287; *Hedrich* v. *Smith,* 137 Ia., 625; *Andres* v. *Schluter,* 140 Ia., 389; *Welch* v. *Mastin,* 98 Mo. App., 273; *Butler* v. *Morse,* 66 N. H., 429; *Phillips* v. *Collier,* 87 Ga., 66, and other cases.

It is also held that a judgment taken against a defendant by default upon service made at his residence without his knowledge while he was absent from the state can not be set aside for unavoidable casualty though it prevents him from making a defense, the court saying, "there may be casualty or misfortune where all the facts are known, as well as where they are not. I

can not but think that this provision was intended to apply, in a case where, some accidental injury or sickness, etc., has intervened to prevent a defense, rather than a want of knowledge of the service of a summons, arising from the cause stated.'' *Howard* v. *Abbey,* 1 W. L. M., 278.

In *Clark* v. *Delorac, supra,* the record showed that the defendant had been in default for answer for six or eight months and that the case, being one for damages, was tried before a jury in December, 1874, resulting in a verdict against him. His petition to vacate the judgment set forth that from November, 1874, to January, 1876, he was confined to his bed by sickness, and was not aware that his case had been tried; that on the same day the verdict was rendered a motion for a new trial was filed by his attorney, on the ground that the damages were excessive, etc. The following Saturday the motion was called and continued, and on the next Saturday, the last day of the term, it was again called, and not being answered by the attorney, judgment was entered on the verdict. On said day, however, the attorney sent a boy to the court house to inquire of the clerk whether motions would be heard that day, and he was informed there would be no court held, and upon that information the attorney made no appearance. Court, however, was held and the motion disposed of as stated. ''The only unavoidable casualty or misfortune which the court could discover was the incorrect information received by the attorney through his messenger. There was no casualty or misfortune which prevented the filing of an answer for six or eight months; nor does the petition show any unavoidable casualty or misfortune which prevented the attorney from being present at the trial. So that, the only misfortune was the attorney acting on incorrect information. A judgment is too serious a matter to be set aside for the mere convenience of an attorney.''

In *Clark* v. *Ewing, supra,* the attorney was sick, and had applied for an extension of time, and in his application stated that the pleas in said case were peculiar and nobody could draw them but himself, and he could not explain by letter so that another could draw them. Leave for pleading was extended

till the third Monday of July, at which time no pleas were in, nor was the party, or any one representing him present, and thereupon judgments were taken by default. The attorney had been sick, it appears, and confined to his room for more than four months previous to his death, which occurred two weeks after the judgment. The court on page 577, says:

"Parties litigant and their counsel must be presumed to know the rules of court and it is their duty to comply with them; and if they do not, they must take the consequences. Such rules are instituted for the general good, and it is the duty of the courts to enforce them; otherwise it would be useless to adopt them. If the general health of an attorney breaks down, he should notify his clients of the fact, so they can take such steps as may be necessary for their protection."

I only state the facts in these cases to show how strict the rule is. The plaintiff has a judgment. To vacate it, is to interfere with a substantial right, and this must not be done without good and sufficient grounds within the meaning of this statute as here discussed. Now, the record shows that the petition in this case was filed November 11, 1909, that personal service was had upon this defendant on the same day and that judgment was not taken against him until March 16, 1910, and that he did not learn of said judgment until August 12. In the meantime it does not appear where he was, that his attorney knew his whereabouts or that he gave or attempted to give his case any attention whatsoever. His "unavoidable misfortune," as stated, was the misunderstanding on the part of his attorney as to whether he was employed. No doubt this was unfortunate, but was it an unavoidable misfortune? Webster defines "unavoidable" as not avoidable; incapable of being shunned or prevented; inevitable; necessary. Now, assuming as I must, that complainant and his attorney can read, write and speak the English language and are as intelligent as people ordinarily and able to understand, it occurs to me that the complainant must have been so loose and uncertain in his language and conduct in his attempt to employ counsel, or that his attorney was so inattentive and heedless of what was being said to him,

or there would have been no misunderstanding.  If the result of the effort made to employ counsel in a matter of such importance was that neither knew the mind of the other, the only explanation to be made is that one or both failed to exercise ordinary care in the premises.

In the face of the strictness of the rule already explained, it was the complainant's duty to use unmistakable terms in the employment of counsel and not be sidetracked by any uncertain response to the end that a judgment of more than $900 would not be rendered against him in three weeks for the want of an answer, and if he did not, he certainly had no reason to complain because a judgment was rendered against him by default after more tan four months' notice. If the defendant was not to blame in this behalf, his attorney was, and as we have seen, the negligence of the attorney being the negligence of the client, this furnishes no ground for relief. I therefore hold that the alleged misunderstanding between the attorney and client as to whether the former was retained is not such unavoidable casualty or misfortune as contemplated by said section for which this judgment may be vacated.

The defendant further urges as a ground for the vacation of this judgment that the plaintiff is a foreign corporation and that at the time the judgment was rendered it had not complied with the laws of Ohio governing foreign corporations, and for that reason was not authorized to do business or maintain any actions in this state.  The statute which makes the requirements and authorizes a certificate of compliance therewith is General Code, 183, and it will be noticed that only "foreign corporations incorporated for purposes of profit  *  *  *  doing business in this state and owning or using a part or all of their capital or plant in this state" are subject to the provisions of this section. Neither the petition to vacate nor the answer tendered describe the plaintiff corporation as one of the kind required to qualify under this statute.  This is necessary.  To take advantage of this law as a defense to an action brought by a foreign corporation, the averments of the answer must bring such foreign corporation plainly, fully and squarely within its provisions and

show that such foreign corporation does not belong to the class of foreign corporations exempted from its provisions. Toledo *Commercial Co.* v. *Manufacturing Co.*, 11 C. C., 153; *Automatic Heating Co.* v. *Schlemmer Co.*, 6 O. L. R., 72.

The statute provides that foreign corporations entirely non-resident may make sales in this state by correspondence or by traveling salesmen, without complying with its provisions. The sales upon which this suit is founded were made by another corporation against which there is no complaint, and the *claim* therefor was assigned by it to the plaintiff company. This is enough, but the question sought to be made here could only operate as a defense in any event. It was waived by failure to answer. It does not affect the jurisdiction of the court. *Brady* v. *Supply Co.*, 64 Ohio St., 267.

Holding these views, it follows that the demurrer to the petition to vacate must be sustained.