Pauline F. DODGE, Plaintiff-Respondent,

v.

SAFE-GUARD SALES, INC., Defendant-
Appellant.

No. 23502.

Kansas City Court of Appeals.

Missouri.

April 2, 1962.

White & Laurent, Kansas City, for appellant.

Terry & Welton, Kansas City, for respondent.

BROADDUS, Judge.

On April 27, 1960, plaintiff filed a petition in the Circuit Court of Jackson County, at Kansas City, in which she alleged that 45th Street and Belleview Avenue are public thoroughfares within the City of Kansas City, Missouri; that on June 17, 1959, plaintiff was riding as a passenger in a 1956 Ford Coach, being driven in a southerly direction on Belleview Avenue when it was struck by a 1952 Plymouth Sedan being operated in a westerly direction on 45th Street by defendant's agent and employee. The petition set forth several grounds of negligence on defendant's part and prayed for damages in the sum of $9,500 for personal injuries, medical expenses, and loss of wages.

Personal service was had upon defendant on or about April 27, 1960. Defendant delivered the summons and copy of the petition to its regular attorney. The latter filed no responsive pleading in the case according to the records of the Circuit Court Clerk's office.

On March 31, 1961, the case came on regularly for trial. The judgment of that date recites that plaintiff appeared in person and by attorney "and defendant although lawfully summoned comes not but makes default;" that a jury was waived and the cause presented to the court upon the pleadings and evidence, and after hearing the evidence the court found the issues in favor of plaintiff and assessed her damages in the sum of $4,000.

On April 3, 1961, defendant procured other counsel and the latter filed a motion to set aside the judgment of March 31, 1961. Said motion admits that summons and a copy of the petition were served upon defendant on or about April 27, 1960, and then alleges that defendant's then "counsel filed an answer setting out the defendant's defenses to plaintiff's action; that said an-

swer so filed, is not contained within the court's file jacket and presumably a copy was not received by counsel for the plaintiff." The motion also alleges that defendant has a good and meritorious defense to plaintiff's petition "all as set forth in its answer, which is attached hereto and for which defendant requests leave of Court to file, which is the same Answer as originally filed" by defendant's former attorney.

The motion was taken up by the Court on June 9, 1961, at which time the defendant's former attorney testified that he had a "distinct recollection" of filing an answer on behalf of defendant in the Clerk's office. At the conclusion of the evidence the court took the motion under advisement and on June 21, 1961, overruled the same. Defendant appealed.

The law governing this case is well settled. It is clearly expressed in the case of J. G. Jackson Associates v. Mosley (Mo. App.), 308 S.W.2d 774, 778 as follows:

"To warrant the vacation of a default judgment a defendant must show that he has a good and sufficient reason or excuse for his default, and that he has a good and meritorious defense. The refusal of a motion to vacate a default judgment is a matter within the sound judicial discretion of the trial court, a discretion which will not justify appellate interference unless both an excuse for default and a meritorious defense *appear so clearly as to manifest arbitrary action upon the part of the trial court in refusing to vacate the judgment*. Whitledge v. Anderson Air Activities, Mo.Sup., 276 S.W.2d 114; Savings Finance Corp. v. Blair, Mo. App., 280 S.W.2d 675, and cases cited." (Italics ours.)

Under the facts, we cannot hold that the trial judge abused his discretion in this case. His finding that no answer was in fact filed is supported by the records in the Circuit Clerk's office. Certain it is that defendant's attorney did not serve a copy of the purported answer upon plaintiff's attorneys as he was required to do under the provisions of Sect. 505.100 V.A.M.S. and apparently he never examined the files in the Clerk's office during the time the case was pending—a period of almost one year. Had he done so, he would have known that defendant was in default. His neglect was the neglect of defendant. Welch v. Mastin, 98 Mo.App. 273, 277, 71 S.W. 1090, 1091.

The judgment is affirmed. All concur.