COX
*vs.*
MITCHELL.

## COX *vs.* MITCHELL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

In an action on the balance of account due, the plaintiff has a right to interrogate the defendant, touching the agreement of the latter to pay conventional interest.

The writing is not of the essence of an agreement to pay interest at ten per cent., but that the legislature only intended to exclude testimonial proof of such agreement.

Where the defendant neglects to answer interrogatories annexed to the petition, the facts required to be disclosed, ought to be taken as confessed.

This is an action to recover the balance of an account, due by the defendant to the plaintiff as a commission merchant, for advances, amounting to one thousand seven hundred and ninety-nine dollars fifty-three cents, payable the 9th May, 1831. The petition charges that the defendant agreed to pay conventional interest on each advance, from the time it was made until payment. Interest at this rate, is included on each advance, up to the time of striking the general balance now claimed, and the same rate of interest is claimed on this balance until payment.

The plaintiff annexed the following interrogatory to be answered by the defendant :

" Did you or not agree to pay the petitioner an interest at the rate of *ten per cent. per annum,* on all sums advanced by him to you from the day on which the advances were made, until their final reimbursement ?"

The defendant pleaded a general denial, and averred that he and one Kendall were joint owners of a sugar plantation, and in the year 1830, consigned to the defendant, one hundred and twenty thousand pounds of sugar, and one thousand seven hundred gallons of molasses to be sold on their joint account ; and which he expressly charges was fraudulently

and collusively sold to Kendall or some other person unknown to him, by said Cox, at three cents per pound, being one-half less than its real value, and at a loss of one thousand six hundred dollars, for which he prays judgment, and that the plaintiffs demand be rejected.

The plaintiff filed an amended petition, alleging that the sugar and molasses mentioned in the answer, is duly accounted for and included in the general account current annexed to his original petition, the balance of which is yet due as claimed. He then propounded a number of interrogatories to the defendant, which he requires to be answered, explaining and proving various items in the account, showing the business transactions between them, together with detailed accounts annexed. The amended petition and interrogatories were duly served on the defendant.

In an amended answer, the defendant charged the plaintiff with the additional sum of one thousand one hundred and twenty-four dollars eighty-nine cents, and also with five hundred dollars, the proceeds of thirty-four bales of tobacco, for which sums he prays judgment.

Before trial the defendant moved to have the interrogatory, requiring his answer concerning the agreement to pay ten per cent. interest on all the advances made to him by the plaintiff, stricken out, on the ground that it tended to establish a fact which could only be proved by written evidence. The court sustained the motion, and the plaintiff excepted to its opinion.

The defendant neglected to answer the series of interrogatories annexed to the supplemental petition, touching and explaining the various accounts and transactions between the parties.

Upon hearing a mass of testimony on the merits, and the explanations of the parties by their counsel respectively, the jury returned a verdict in favor of the defendant, for one thousand three hundred and eighteen dollars; after an unsuccessful effort to obtain a new trial, judgment being rendered in conformity to the verdict, the plaintiff appealed.

EASTERN DIST.
January, 1835.

COX
vs.
MITCHELL.

*A. & J. Seghers*, for the plaintiff.

The account sued on in this case, is completely established by the interrogatories propounded to the defendant, which are to be taken as confessed by the refusal and neglect of the defendant to answer them. It is proved further, by the testimony of Kendall, former partner of the defendant, by the vouchers annexed to the petitions, and by the admissions of counsel.

2. The sums set up by the defendant in his reconventional demand as alleged in his several answers, are all accounted for and fully explained in the accounts rendered by the plaintiff.

3. The district judge erred in ordering the first interrogatory propounded to the defendant to be stricken out, by which the plaintiff was deprived of his testimony concerning the agreement to pay conventional interest. *La. Code, art. 2255. 6 Martin, 280.*

4. The interrogatories propounded, relative to the several accounts and transactions between the parties, should have been ordered by the court to be taken as confessed, and all the facts stated therein as proved in favor of the plaintiff, and the jury instructed to receive them as proved and admitted. *Code of Practice, 349.*

5. The verdict of the jury is clearly contrary to the evidence of the case, and if this court is not willing to render a final judgment on the merits, on the evidence in the record, it will remand the case for a new trial, with directions that the defendant be required to answer relative to the agreement to pay conventional interest.

*Nicholls & Taylor*, contra.

*Bullard, J.*, delivered the opinion of the court.

The appellant relies for a reversal of the judgment rendered against him, on the grounds, 1st. That the court erroneously dispensed the defendant from answering an interrogatory, annexed to the petition, by which the plaintiff sought to prove that the defendant had agreed to pay an interest at ten per

cent. on certain advances made by him, as commission mer- chant, which interest formed an item in the account annexed to the petition ; and, 2d. That, although the defendant had neglected to answer certain interrogatories annexed to a supplemental petition, no effect was given to such neglect or refusal to answer, but that the facts, which, under those circumstances, should have been taken as confessed, were entirely overlooked by the jury in rendering their verdict.

We are of opinion that the court erred in striking out the interrogatory touching the defendant's agreement to pay conventional interest. It has been settled in this court, that writing is not of the essence of an agreement to pay interest at ten per cent., but that the legislature only intended to exclude testimonial proof of such agreements. 6 *Martin*, 278.

It is also clear, that if the defendant neglected to answer the interrogatories annexed to the supplemental petition, the facts required to be disclosed, ought to be taken *pro confessis*. But as the case cannot be examined on the merits, we express no opinion as to the correctness of the verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, the verdict set aside, and the case remanded for a new trial, with directions to the judge not to dispense with the answer of the defendant to the interrogatory touching conventional interest, and that the appellee pay the costs of this appeal.

In an action on the balance of account due, the plaintiff has a right to interrogate the defendant, touching the agreement of the latter to pay conventional interest.

The writing is not of the essence of an agreement to pay interest at ten per cent., but that the legislature only intended to exclude testimonial proof of such agreement.

Where the defendant neglects to answer interrogatories annexed to the petition, the facts required to be disclosed, ought to be taken as confessed.