YOUNG & HOLLAND CO. v. BRANDE BROS. et al.

(Circuit Court of Appeals, First Circuit. April 28, 1908.)

No. 752.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—PROCEDURE.

A court of bankruptcy has power to make orders respecting the pleadings in a proceeding in involuntary bankruptcy, and where the alleged bankrupt has failed to comply with such orders, while the court cannot on that ground deprive him of his right to appear and contest the adjudication, it has jurisdiction to proceed with the hearing in his absence, on his failure to appear in response to an order to show cause served upon him. Hovey v. Elliott, 167 U. S. 409, 446, 447, 17 Sup. Ct. 841, 42 L. Ed. 215, distinguished.

2. APPEAL AND ERROR—OBJECTIONS NOT RAISED BELOW.

The rule applied that as the appellant although having notice, did not defend in the District Court, he cannot defend on appeal.

Appeal from the District Court of the United States for the District of Rhode Island.

Edward D. Bassett (Bassett & Raymond, on the brief), for appellant.

J. Jerome Hahn and Richard E. Lyman (Edward E. Lyman and Lyman & McDonnell, on the brief), for appellees.

Before COLT and PUTNAM, Circuit Judges, and DODGE, District Judge.

PUTNAM, Circuit Judge. This was an appeal by the Young & Holland Company from an adjudication of bankruptcy entered against it by the District Court. On the return day of the order to show cause on the petition filed against it, the respondent, now the appellant, filed an answer in which, among other things, it denied insolvency. Thereupon it was ordered by the District Court to file a bill of particulars of its assets and creditors. It filed one, but the same was not satisfactory to the court, and two supplemental orders were entered directing it to amend. Finally the court, on the 27th day of November, 1907, entered an order of which the following is a copy:

"On the application of the petitioning creditors showing that on the 28th day of October, A. D. 1907, an order of this court was made and entered for the examination of Carroll H. Chapman, and for the production of the books of the Young & Holland Company, that on the 21st day of November, A. D. 1907, an order was entered for the amendment of the bill of particulars by setting forth the street and number in the list of addresses of the debtors of said Young & Holland Company, and said petitioning creditors alleging that said orders have not been complied with, it is ordered that said Young & Holland Company show cause on Saturday, November 30, A. D. 1907, at 10 o'clock a. m., why it should not be adjudged bankrupt for failure to comply with said orders."

This was duly served on the same day on the appellant's solicitor of record. On the return day—that is, the 30th day of November—the appellant made no appearance in response to the order, whereupon an oral motion was made by the petitioning creditors for an adjudication of bankruptcy, and an order of adjudication was made, from which this appeal was taken. The order set out proceedings looking to an

examination of Chapman, the treasurer of the corporation, for the purpose of obtaining a list of assets and liabilities. It mainly, however, related to all the attempts to obtain a satisfactory bill of particulars from the appellant, which it is not necessary to rehearse here, except so far as the recital relates to the 27th day of November and thereafterwards. That was as follows:

"And it further appearing that on the 27th day of November, 1907, an order was entered in this court commanding the said Young & Holland Company to show cause on the 30th day of November why, for failure to comply with the orders of said court, it should not be adjudicated bankrupt, service of which last order, as appears, was duly made upon Edward D. Bassett, attorney for said Young & Holland Company; and it appearing that on the 30th day of November, no appearance being made for said Young & Holland Company, that it failed to comply with the orders of said court, and that the sworn petition supported by an affidavit of the petitioner's counsel show that said Young & Holland is bankrupt within the meaning of the bankruptcy act, it is hereby declared and adjudicated bankrupt."

The reference in the foregoing to the affidavit of the petitioners' counsel was evidently only to satisfy the conscience of the court, in order to make sure that it was doing no injustice; and, so far as the legal rights of the parties on appeal are concerned, it may be stricken out as mere surplusage. The appellant refers to the fact that among the orders named by the District Court was one for the examination of Chapman; but apparently the appellant does not place any particular reliance thereon, and it could not so long as other grounds for the proceeding appear which were sufficient therefor. Taking the whole together, it is evident that the court entered the adjudication substantially because the then respondent had failed to complete its pleadings in accordance with the interlocutory orders; but we will reiterate, because it is a very important fact, that, notwithstanding the appellant had an opportunity to appear in the District Court to try out there the issue now presented to us, it failed to do so, and it now seeks to try it before us for the first time.

Examining what there is in the record before us, and considering all the positions of the parties, the whole case on appeal comes down to the validity of the proceedings of the District Court on the 30th day of November, as we have explained them. Plain it is that, in view of Hovey v. Elliott, 167 U. S. 409, 446, 447, 17 Sup. Ct. 841, 42 L. Ed. 215, the District Court could not have deprived the respondent of its right to appear and contest the proposed adjudication merely because it had failed to comply with the orders of the court with reference to bills of particulars or anything else. In other words, the District Court could not, on account of any actual or presumed contempt of its orders, have prohibited the respondent from being heard on any matters pending on the day in question; but it is a part of the right and duty of all courts to perfect the pleadings in litigation pending before them before going to a hearing, and the ordinary remedy which the courts use for that purpose in proceedings at common law, or in proceedings akin thereto, such as a proceeding on a petition for an adjudication of bankruptcy, is by directing defaults and nonsuits. Consequently it does not at all follow that Hovey v. Elliott, which related to an incidental order for payment of money into court, and not at all to a

preparation of the pleadings for a proper understanding of the suit, and in which the court, the validity of whose judgment was denied, not only adjudged against the party in contempt, but absolutely refused to hear him, applies to this case as it presented itself to the District Court. There is essential difference in view of the fact that this proceeding concerned a claim as to perfecting pleadings, and as to the power of the District Court to compel the perfection of them. There is also an essential difference in that, instead of the District Court refusing to hear the respondent, it issued notice to it to come in and be heard. Therefore, notwithstanding Hovey v. Elliott, we are of the opinion that the District Court had jurisdiction to take into consideration whatever questions might be raised under the order of November 27th, and to dispose of those questions, subject to an appeal in the event they were incorrectly disposed of. Such being the fact, it was the duty of the respondent to have tried out the issue in the District Court before bringing the matter to our attention on appeal. This is the settled rule, with exceptions so rare that we need not consider them. Neither need we consider whether the District Court, on the parties being heard, could properly have entered the adjudication which it did. It is sufficient for present purposes to determine that the District Court had jurisdiction over the question now involved, and that, therefore, the appellant cannot compel this court to try out this issue for the first time.

The decree of the District Court is affirmed, and the appellees recover their costs of appeal.

NOTE BY THE COURT.—Since this opinion was prepared, Bennett v. Bennett. 208 U. S. 505, 28 Sup. Ct. 356, 52 L. Ed. 590, has been announced. The conclusions there seem to confirm the result we have reached.