## BARNES v. TREES et al.

### (District Court, S. D. New York. February 19, 1912.)

1. COURTS (§ 351*)—FEDERAL COURTS—EXAMINATION BEFORE TRIAL.

    The state law of New York, authorizing an examination before trial as a substitute for discovery, does not apply to actions in the federal courts within such state.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. § 351.*

    Conformity to state practice, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 393.]

2. DISCOVERY (§ 70*)—DEPOSITION DE BENE ESSE—EXAMINATION OF DEFENDANT—REFUSAL TO ANSWER INTERROGATORIES—PENALTY—STRIKING ANSWER.

    Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), provides that the testimony of any witness may be taken in any civil cause pending in a District or Circuit Court by deposition de bene esse when the witness lives at a greater distance from the place of trial than 100 miles, or is bound on a voyage to sea, etc., on reasonable notice, and any person may be compelled to appear and depose as provided in the same manner as witnesses may be compelled to appear and testify in court. *Held,* that where plaintiff, in an action at law, propounded interrogatories to defendant on an examination de bene esse initiated under such section, the court would not strike out defendant's answer because of his refusal to answer certain interrogatories so propounded.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 84–86; Dec. Dig. § 70.*]

At Law. Action by Thurlow Weed Barnes against Joseph C. Trees and others. On plaintiff's motion to strike out defendant's answer unless defendant answered certain interrogatories propounded by plaintiff, on an examination de bene esse initiated by plaintiff under Rev. St. § 863 (U. S. Comp. St. 1901, p. 661). Denied.

Samuel Untermyer, for plaintiff.
Frederic R. Kellogg, for defendant.

HAND, District Judge. If this were a suit in equity and the defendant refused either inspection or discovery, perhaps the court might have power to strike out the answer. I have been at some pains to find an authority for the practice without finding any, unless it be Walker v. Walker, 82 N. Y. 260, little weight to which can be accorded after Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215. The revisers' note (5 Edmonds' Statutes, 411), to the original revision of the New York statutes (2 R. S. p. 199, §§ 21–27) certainly shows that no change in procedure was intended in respect of striking out the answer, when that provision was made applicable

to actions as well as suits in that state. The United States statute (section 724 [U. S. Comp. St. 1901, p. 583]), although it has been construed (Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842) as only adding a new sanction to the right to compel the production of papers, refers to the procedure in chancery, and was probably drawn from it in respect of this feature too. Indeed, the courts of England had in the latter part of the eighteenth century already adopted a similar proceeding (Clifford v. Taunton, 1 Taunt. 167; Goldschmidt v. Marryat, 1 Camp. 562), which they avowedly chose to avoid a bill for inspection. I understand it as an order for preliminary inspection, and not therefore like section 724 as now in-interpreted. It does not indeed appear whether the sanction included striking out the pleading or a nonsuit. The cases in volumes 1 and 2, Anstruther, are somewhat similar, but, as they were in the Exchequer, they are less significant, for the Exchequer always had some equitable jurisdiction in any event, and was perhaps more readily influenced. In New York (Bank of Utica v. Hillard, 6 Cow. [N. Y.] 62) the rule had some recognition, but only when the document was that on which the right rested, a sort of extension of oyer. It seems likely that the power always existed in equity, for default in either discovery or inspection, and I have no doubt further inquiry would disclose authorities.

The present section 870 of the New York Code had its origin in 2 R. S. p. 200, § 26, or at least goes back so far, and was avowedly an effort to extend to actions the remedy which formerly one could get only in suits or by ancillary bills for discovery.

[1] The "examination before trial" which has been ever since a part of the procedure of New York is therefore a substitute for discovery, and it is well settled that it does not apply to actions in the federal courts within the state. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117. If it did, then the relief here asked for could have been obtained, as an incident to that relief which has long had statutory authority. The proceeding now pending is nothing of the kind, but an examination de bene esse under section 863, and it merely happens to be the case that the witness being examined is a defendant.

[2] At the time when the procedure was becoming settled upon which we can now rely, except as Congress changes it, a party could not be examined at all, and there is nothing that I know in the customary law, except the cases which I mentioned above, which justifies the suggestion that either discovery or inspection had ever been imported by the common-law courts into their procedure. Possibly the same judges who did so as to inspection might have done so as to discovery in advance of trial, if the testimony of witnesses had been admissible; but they did not, and certainly to-day I cannot, without the aid of a statute.

Motion denied, without prejudice to an application in the Western District of Pennsylvania for an order compelling the witness to answer.