## In re WESTER.

### WESTER v. C. B. SMITH & CO. et al.

(Circuit Court of Appeals, Third Circuit. June 4, 1917.)

No. 2241.

1. BANKRUPTCY ⊙93—RIGHT TO JURY TRIAL—DELAY IN DEMANDING.

Where an alleged bankrupt failed to demand a jury trial in his answer denying the acts of bankruptcy and insolvency, the court did not abuse its discretion in refusing a separate demand on the next court day but one.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 140.]

2. BANKRUPTCY ⊙475—SECURITY FOR COSTS—RIGHT TO REQUIRE.

An alleged bankrupt, who files an answer denying insolvency and the alleged acts of bankruptcy, cannot be required by the bankruptcy court to deposit the costs of a reference, and thus bear a part at least of the cost of presenting the case against him, under penalty of having his answer stricken, and there is no justification for such action in General Order in Bankruptcy No. 10 (89 Fed. vi, 32 C. C. A. xiii), providing that, before incurring any expense, the clerk, marshal, or referee may require from the bankrupt or other person in whose behalf the duty is to be performed indemnity for such expense, as the hearing of the creditor's charges is not undertaken in the bankrupt's behalf or at his request.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 885.]

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab and J. Warren Davis, Judges.

Involuntary bankruptcy proceeding by C. B. Smith & Co. and others against Albert C. Wester. On petition to revise orders refusing a jury trial and striking out the bankrupt's answer. First order affirmed, second order reversed, and answer reinstated.

Terry Parker, of East Orange, N. J., for appellant.

Stein, Stein & Hannoch and Herbert J. Hannoch, all of Newark, N. J., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This is a petition to revise two orders of the District Court, one refusing a jury trial, and the other striking out the bankrupt's answer and adjudging him bankrupt by default. The facts are as follows:

---

⊙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

242 F.—30

The original petition was filed July 18, 1916, asserting a fraudulent transfer and concealment of property, and an unlawful preference. On June 8 the bankrupt, who was a retail druggist in Englewood, N. J., went to the Mexican border as a soldier, and left his business in other hands. Soon afterwards, his cousin, Ernest Wester, who held a chattel mortgage on part of the stock and fixtures, foreclosed the mortgage and bought in the whole stock for a small sum, taking possession thereof and going on with the business. These proceedings under the mortgage constitute the preference complained of. On July 19 the petitioning creditors asked for a receiver, but none was appointed; the court thinking it sufficient to make an order that Ernest should not dispose of the assets, except in the ordinary course of business, and should keep the money so received in a separate fund and account. Albert Wester did not return to New Jersey until some time in the fall when the subpœna in bankruptcy and other papers were served upon him while in camp at Sea Girt. He moved to dismiss the petition as insufficient, but before his motion was heard the petitioning creditors asked leave to file an amended petition, and were granted leave on December 4. This new petition was much like the original, except that it amplified the charges concerning the mortgage and asserted that Albert and Ernest had together planned the foreclosure proceedings in order to defraud the creditors.

[1] The bankrupt answered both petitions on December 29, denying insolvency, and denying also the acts of bankruptcy. He did not then ask for a jury trial, and an order was immediately entered directing the referee to hear the issues as special master. The bankrupt asserts that the failure to demand a jury trial in the answer was due to an oversight, but in any event he did file a separate demand on January 2, the next court day but one, December 31 and January 1 being holidays. His motion was heard on January 15, and was denied on the ground that it came too late; this denial presenting the first matter for review. We need say little in reply to the bankrupt's argument; unquestionably he had failed to obey the letter of the act, and on this record we are unable to say that the court's refusal to allow his demand was an abuse of discretion. The order of January 15 must therefore be affirmed.

[2] The remaining question is more serious. On December 30 the master notified the bankrupt to deposit $100 as indemnity under rule 16 of the District Court, afterwards reducing the amount to $50. The hearing was fixed for January 23, and on that day the bankrupt appeared with his counsel, prepared to hear the evidence against him and to offer his own evidence in answer, but was met on the threshold by a renewed demand for a deposit of $50. No similar demand was made on the petitioning creditors. The bankrupt refused the deposit, stating his reasons in writing and insisting that, as the petitioning creditors had the burden of proof, they should bear the expense of the reference in the first instance. The master refused to proceed, and reported the matter to the court, recommending that the bankrupt's answer be dismissed. On February 5 the report was confirmed, the answer was stricken out, and an order of adjudication was entered. This presents the second subject for review.

The master's demand was based on rule 16 of the District Court, which (with omissions not now important) provides as follows:

"(a) The issue raised by petitions and answers in involuntary cases, where jury trial is not demanded, shall be referred to the referee as a special master, and he shall be entitled to receive for his services" a certain per diem with stenographer's fees. "Such sum shall be chargeable in the first instance to the party opposing the adjudication, and indemnity may be demanded by the referee before proceeding with the hearing  In case the petition in an involuntary proceeding be dismissed with costs, such sum may be taxed against the petitioning creditors. * * *

"(c) In other cases, when matters are referred to the referee as a special master to take testimony and report his finding, requiring services not devolving upon him by virtue of his office as referee, he shall receive a like compensation, which shall be chargeable in the first instance to the party bringing on the reference, and shall be paid by the party ultimately defeated in such reference."

It will be observed that the bankrupt is not named in section (a), and if we had been called upon to construe the section in the first instance we should have been inclined to hold that its language would be satisfied by applying it to those persons only (such as other creditors) that are not parties to the petition, but might intervene to oppose the adjudication. Interveners of this class voluntarily enter the litigation and propose an issue, and may be, and often are, properly regarded as undertaking to prove the affirmative thereof. But the bankrupt himself is in a different class; he is the unwilling defendant in a lawsuit, and is charged with insolvency and unlawful acts, and if these be proved his property will be taken and divided among his creditors. He has therefore the elementary right of any defendant to deny the case against him, and to do nothing more until this shall be established by the necessary evidence. His adversaries have begun the suit and have made the charge, and if the charge be denied they must bear the burden of proof. As a necessary incident to this task, the petitioning creditors must assume the initial cost of producing the evidence, although of course they may afterward have a just claim to be repaid. But section (a), if applied (as it has been applied) to the involuntary bankrupt himself, reverses the situation, and compels him to advance the money to help out the cost of establishing his adversaries' case, and denies him an opportunity even to present his defense unless he first bear at least a part of the pecuniary burden of presenting the case against him. In our opinion this is a serious obstruction to the fundamental right of a defendant to be heard, which includes, of course, both the right to learn the case against him and to estimate its weight, and also the right to offer affirmative evidence in his own defense. The matter seems to us so clear that we shall not discuss it further (see 11 Cyc. 575, B, and notes), except to say that General Order No. 10 lends no support to rule 16; for that order only permits indemnity to be required "from the bankrupt or other person *in whose behalf the duty is to be performed*"; and in the case before us the duty to be performed, namely, the hearing of the creditors' charges, was not undertaken in the bankrupt's behalf or at his request. He denied the charges and thereafter stood upon his right, and could not be adjudicated until the charges had been proved. He was not in default, for

he had filed an answer whose sufficiency was not questioned and had thereby made a hearing necessary (although not by a jury), and he only became in default after the answer had been stricken out. And this was done, not because the answer was inadequate—as it was in Young v. Brande Bros., 162 Fed. 663, 89 C. C. A. 1, 455, 20 Am. Bankr. R. 612—but as a penalty for his refusal to contribute to the expense of the creditors' case.

It is sought to uphold the rule on the ground that, if a bankrupt be allowed to oppose an adjudication without taking the risk of spending money, he will often do so merely for delay, or in order to cast the pecuniary burden of proving the petition either on the creditors or on the estate. No doubt this may sometimes be the result, but a similar result may follow in every other litigation, and its possibility cannot take away a defendant's well-established right to be heard, with all that a hearing implies, and we cannot regard it as a sufficient reason for denying that right, unless we are prepared to do violence to one of the first principles of our legal system. We do not decide that an involuntary bankrupt may not be required to give indemnity before he offers his defense, but merely that he cannot be compelled to advance the money to pay or contribute to the expense of the petitioning creditors' case under the penalty of having a valid answer stricken out and of being adjudicated a bankrupt.

The order of January 15 is affirmed, but the order of February 5 is reversed, and the bankrupt's answer reinstated. The case is remanded for further proceedings not inconsistent with this opinion; the costs in this court to be paid by the petitioning creditors.