## WITTENBERG COAL CO. v. COMPAGNIE HAVRAISE PENINSULAIRE DE NAVIGATION À VAPEUR.

Circuit Court of Appeals, Second Circuit.
December 12, 1927.

No. 184.

Admiralty ⬡➙90—Decree pro confesso against respondent, persistently refusing to answer interrogatories for more than year, held not void (admiralty rule 31; Const. Amend. 5).

Under admiralty rule 31, decree pro confesso against respondent, after persistent refusal for more than a year to answer interrogatories which had been held to be proper, *held* not void, as violating the Fifth Amendment to the Constitution, since refusal to answer interrogatories was more than a contempt, being a failure to give information to which libelant was entitled to under rules in admiralty.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by the Wittenberg Coal Company against Compagnie Havraise Peninsulaire de Navigation à Vapeur. Decree for libelant, and respondent appeals. Affirmed.

Appeal from the District Court for the Eastern District of New York. The libel was filed to recover for bunker coal sold and delivered for the respondent's vessels. Decree for libelant; respondent appeals. Affirmed.

Joseph P. Nolan, of New York City (Roscoe H. Hupper, of New York City, of counsel), for appellant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Ira A. Campbell, Roger B. Siddall, and John M. Woolsey, all of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. A libel was filed February 15, 1923, and process issued, seeking a decree for the value of bunker coal delivered at Philadelphia to two vessels of appellant's ownership. The coal was delivered and consumed, and payment declined. On August 27, 1923, an answer was filed, with annexed interrogatories. It admitted the ownership of the vessels, and denied a partnership and agency relation alleged to exist between the appellant and the Algerian American Line, Inc. On October 25, 1924, appellee moved under rule 31 of the Admiralty Rules to compel the appellant to answer certain interrogatories relating to this partnership. On November 24, 1924, the motion was granted and the appellant was directed to answer the interrogatories. On December 1 an order was entered directing the answers to be made by some one having personal knowledge of the affairs of the appellant. On January 17, 1925, answers were made by the proctor for the appellant, with a memorandum stating that it was impossible to have the answers signed by an officer of the appellant, but that duplicate copies of the answers would be deposited with the court "at the earliest possible date." Additional time was asked. On December 5, 1925, the answers were not forthcoming, and the appellee moved, under admiralty rule 31, for an order adjudging appellant in default and permitting the entry of an interlocutory decree.

On December 14 the proctor filed a second set of answers verified by him. On February 10, 1926, the District Court directed that the appellee might have its interlocutory decree, unless proper answers were filed by March 1st. On March 4 further time was given, and on March 5 a third set of answers was filed, verified by a person other than an officer of the company before the American consul at Havre. To these exceptions were filed. Thereupon a second motion was made for an interlocutory decree, and on March 26 the motion was granted, and an interlocutory decree subsequently entered. A reference was ordered. When notice of hearing was given before the master, the amount of damages was stipulated and a decree was entered.

On this appeal the appellant contends that the decree is void, as a violation of the Fifth Amendment to the Constitution. Its argument is that it is being deprived of its property without due process of law. The appellant has not asked the court's indulgence by way of setting aside its default, or applying to the District Court under admiralty rule 39. There has been a persistent refusal to answer the interrogatories which have been held to be proper. Much indulgence was granted to the appellant before a decree pro confesso was entered against it. The information sought to be obtained by the interrogatories bore upon the vital question of the case, the relationship between the appellant and the Algerian American Line, Inc. The other questions of order and delivery of coal and its use were beyond dispute. It was necessary to obtain this testimony to substantiate appellee's libel. When answers were made, by a person other than an officer of the company, the answers were not responsive, and failed to give the information asked. A period of one year and four months elaps-

ed between the time the questions were asked and the interlocutory decree. The refusal to answer the interrogatories is more than a contempt. It was a failure of the appellant to give information which the appellee was entitled to under the rules in admiralty. For such refusal, remedy is afforded by rule 31 of the Admiralty Rules, which provides that:

"Either party shall have the right to require the personal answer of the other party or of its proper officer on oath or solemn affirmation to all interrogatories propounded by him, it, or them, in the libel, answer or otherwise as may be ordered by the court on cause shown and required to be answered. In default of due answer by either party to such interrogatories, the court may adjudge such party to be in default and enter such order in the cause as it shall deem most fit to promote justice."

Exercising the power given to the District Court under this rule, it was well within its right in promoting justice to order a decree pro confesso. Appellant argues that Hovey v. Elliott, 167 U. S. 409, 17 S. Ct. 841, 42 L. Ed. 215, forbids the grant of this decree. That case involved a review by a writ of error of the rights of a defendant held to be guilty of contempt, his answer having been stricken out and a decree pro confesso taken against him. The court recognized the power of courts to default defendants who refuse to answer charges asserted against them, and in so doing quoted from an English authority (Forum Romanum, p. 36) which said:

"The second case, is when a person appears and departs without answering, and the whole process of the court has been awarded against him after his appearance and departure, to the sequestration. There also the bill is taken pro confesso, because it is presumed to be true when he has appeared, and departs in spite of the court, and withstands all its process without answering."

Later, the Supreme Court—Chief Justice White again writing—decided the case of Hammond Packing Co. v. Arkansas, 212 U. S. 322, 29 S. Ct. 370, 53 L. Ed. 530, 15 Ann. Cas. 645, where a state law was brought into question which authorized the court to require the defendant to produce books, papers, and witnesses, and to order the answer stricken out and render judgment by default in the event that the defendant failed to comply with the order, and said:

"The difference between mere punishment, as illustrated in Hovey v. Elliott, and the power exerted in this, is as follows: In the former, due process of law was denied by the refusal to hear. In this, the preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense."

By section 724 of the United States Revised Statutes (enacted in 1789) being 28 USCA § 636 (Comp. St. § 1469), the courts of the United States may, on motion and due notice, require the parties to produce books and writings in their possession which contain evidence pertinent to the issues in cases and under circumstances where they might be compelled to produce the same by the ordinary rules and proceedings in chancery. Pursuant to section 724, a default by failure to comply with the order permits the court, on motion, to give judgment against the defaulting party. And rule 58 of the Equity Rules, which permits the filing of interrogatories in writing for discovery, by the opposite party, of facts and documents material to support or to defend a case, provides that, for failure to answer interrogatories ordered to be answered, the answer may be stricken out, and the case may proceed as if there had been a failure to answer. These provisions of law have indicated the general course of legislation and judicial decisions to assume the power exists to compel the giving of testimony or production of books, and for failure to produce such evidence the law might authorize a presumption in the proper case against the party refusing, justifying the rendering of a judgment by default, and as if no answer had been filed. Hammond Packing Co. v. Arkansas, supra; Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Thompson v. Selden, 20 How. 194, 15 L. Ed. 1001; Young & Holland Co. v. Brande Bros. (C. C. A.) 162 F. 663; The Fred M. Lawrence (C. C. A.) 94 F. 1017.

The practice of defaulting defendants, who withhold evidence by refusing to answer interrogatories or otherwise, has been recognized by the highest courts of the states. Illinois Central R. R. Co. v. Sanford, 75 Miss. 862, 23 So. 355, 942; Allen v. Lathrop-Hatton Co., 90 Ala. 490, 8 So. 129; Rosenau v. Powell, 173 Ala. 123, 55 So. 789; Belton v. Smith, 45 Ind. 291; Blair v. S. C. & P. Ry. Co., 109 Iowa, 369, 80 N. W. 673; Cox v. Mitchell, 7 La. 520; Miles v. Armour, 239 Mo. 438, 144 S. W. 424. In Barnes v. Trees, 194 F. 230, the District Court for the Southern District of New York in an action at law held that there was no statutory authorization for compelling the defendant to answer interrogatories in advance of the trial, but "if this were a suit in

equity, and the defendant refused either inspection- or discovery, perhaps the court might have power to strike out the answer." As pointed out, admiralty rule 31 makes provision for relief as against the offending party. In The Fred E. Richards (D. C.) 248 F. 956, rule 32 of the Supreme Court Admiralty Rules, then in force and considered, provided only for interrogatories to be addressed by the respondent to the libelant. The District Court rule then in force did permit the libelant to propound interrogatories to respondent, but did not provide a remedy for failure to answer. It further appears that the interrogatories were propounded without order or leave of the court. It was not until three years after this decision that admiralty rule 31, which permitted relief, was promulgated.

There is no abuse of discretion in directing that a decree pro confesso be entered, and in so doing the District Court did not violate the constitutional rights of the appellant.

Decree affirmed, with costs.