**856**

CITY OF COLUMBIA, Missouri, a Municipal Corporation, to the Use of STERLING EXCAVATION AND ERECTION, INC., a Corp., Plaintiff-Respondent,

v.

BIL–NOR CONSTRUCTION CO., a Corporation, and National Automobile and Casualty Insurance Co., a Corp., Defendants-Appellants.

No. 24569.

Kansas City Court of Appeals.

Missouri.

Feb. 2, 1967.

Larry M. Woods, Orr, Sapp & Woods, Columbia, for appellants.

Raymond C. Lewis, Jr., David L. Knight, Smith & Lewis, Columbia, for respondent.

SPERRY, Commissioner.

This is an appeal from the action of the court in refusing to set aside a default judgment in favor of plaintiffs in the amount of $3,606.25.

In the petition filed in the above captioned case, it was pleaded that the city of Columbia, by written agreement, contracted with Bil-Nor Construction Company for construction by it of certain sewers, drainage facilities, pumping stations, and other related improvements for the city of Columbia; that National Automobile and Casualty Insurance Co. was Bil-Nor's insurer for full performance of the contract; that plaintiff, city of Columbia, agreed to pay defendant the total sum of $368,506.46, and Bil-Nor agreed to furnish and pay for all equipment, materials, labor and services, including sub-contracts and sub-contractors employed and used thereon; that Bil-Nor contracted with plaintiff Sterling Excavation and Erection, Inc., to perform a part of the work, which it fully performed; that Bil-Nor paid Sterling all monies due it under its contract with Bil-Nor except $3,149.95, which it still owed when this suit was instituted.

Bil-Nor answered that it had paid Sterling all that it had agreed to pay it for work to be performed except $3,149.95; that Sterling did not furnish all of the materials and equipment used in the performance of the work performed by it, and did not perform all of the work. It prayed to be dismissed.

Thereafter, on February 15th, 1966, Sterling, under Rule 57.20, V.A.M.R., moved

for an order directing issuance of a subpoena duces tecum "commanding Gail Phillips, or the custodian of the records of Bil-Nor Construction Company, to appear for deposition and to produce for inspection and copying at the taking of the deposition * * * any and all time sheets and records including daily log of work performed, submitted to the defendant by its employee, Mr. Tommy Stone, pertaining to work performed at Columbia, Missouri, on the Sterling Excavation and Erection, Inc., sub-contract under the contract between the city of Columbia, Missouri, and Bil-Nor Construction Company." The subpoena was issued on February 16th, 1966.

Thereafter, plaintiff filed its motion for judgment or to strike Bil-Nor's pleadings. As grounds for the requested action plaintiff alleged that at the time of taking prior depositions of Bil-Nor's president, it was indicated that this claim was being resisted because of certain acts or omissions of Sterling, as appear in certain records of Bil-Nor; that it was then agreed between the parties that such records would be produced by Bil-Nor, and that its custodian of such records would also be produced for examination; that such was never done; that, at the taking of prior depositions, Mr. Norvell, president of Bil-Nor, testified that one Gail Phillips was custodian of the records in question; that Bil-Nor's then attorney, Jones, agreed to produce the records for inspection, without court order, but that same was never done, despite repeated requests therefor over a period of several months; that, notice for taking depositions on February 23rd, 1966, (less than ten days before trial date) was duly served on defendant's attorneys; that Gail Phillips was named as a witness to be examined and a subpoena duces tecum was issued and served on her to produce the records; that the subpoena was transmitted to a reporting service in St. Louis and was served on Gail Phillips; that, on February 21st, Bil-Nor's attorney, Jones, called plaintiff's attorney from New Orleans and announced that he would withdraw as counsel, that the deposition would be taken as scheduled, and that plaintiff's counsel would be notified of any change; that plaintiff's attorney appeared at the time and place named for taking deposition but that no one appeared for defendants; that counsel for plaintiffs called the office of Bil-Nor and was told by Gail Phillips that she would not appear and that Mr. Norvell also stated to counsel that the records were his records, not records of Gail Phillips; that they would not be produced except upon court order directed to him; that he would not appear and would not allow Gail Phillips to appear, or allow the records to be produced; that no notice that defendant would refuse to appear or comply with the subpoena was ever given to plaintiffs.

When the motion for default was heard, defendants were represented by Mr. Woods. Mr. Lewis, attorney for plaintiffs, testified to the filing of this lawsuit. He stated that depositions had been taken by both parties; that defendant rests its defense on certain of its records; that Mr. Norvell, defendants' president and manager stated, in answer to questions propounded at the taking of depositions, October 11th, 1965, that Gail Phillips was custodian of records; that, at that time, counsel for defendants, Jones, agreed to produce the records for examination, without formality of any kind; that this agreement was reaffirmed at the taking of depositions on October 20th, 1965; that efforts were thereafter made, by letter and orally, to obtain the records, all to no avail; that defendants asked for and obtained a continuance of the trial, and agreed to a firm setting for March 2nd, 1966; that a subpoena duces tecum was issued and served on defendant's attorney in Columbia, Mr. Woods; that the date for taking depositions was set for February 23rd, 1966, in St. Louis; that subpoena was served on Gail Phillips February 18th; that plaintiff's attorney Lewis was notified by defendant's attorney, Jones, that he would withdraw as counsel but that he would see to it that defendants would be represented by

counsel at the taking of the depositions; that no one appeared for defendants; that Gail Phillips told him, by telephone, that she would not appear; and that Mr. Norvell told him, by telephone, that the records were not those of Gail Phillips, that they belonged to him, and that he would not produce them except by order of the court served on him; that Gail Phillips was not the custodian of the records and that neither he nor Miss Phillips would appear. Mr. Lewis stated that the reporter, who was to report the deposition, also called and talked to Mr. Norvell and was told the same thing; that the reporter made an affidavit to those facts, which counsel filed of record.

Mr. Woods, presently attorney for defendants, stated to the court he had been attorney in this case since March, 1965, but was not in charge of the case; that he attended the taking of depositions October 20th, 1965; that he heard the agreement for production of records by defendants but that none were ever produced; that, he wrote letters and talked to Jones who said he would see that the records were sent, but that none ever arrived; that he waived notice of issuance of subpoena duces tecum and of the taking of depositions and notified Jones, the St. Louis lawyer for Bil-Nor, whose office was located in St. Louis where its owner, president and manager lived; that he, Woods, understood that some attorney (other than himself) would appear for the taking of the deposition; that he did not appear in St. Louis but that he now fully represents defendants; that he advised Mr. Norvell to have the records "prepared" and doesn't know why it was not done. Mr. Woods offered to agree to a near future date for the trial of the case.

It appeared that Mr. Jones had been suspended as a licensed attorney prior to February 22nd, 1966, but that the suspension had been stayed and that such stay is still in effect.

The court found that, by admission of Mr. Norvell, president of defendant corporation, Gail Phillips was custodian of defendant's records; that she refused to produce the records under a subpoena duces tecum duly served on her six days prior to the date of such refusal; that plaintiff was not notified, prior to the date set for taking depositions, of her refusal to appear as a witness; that such refusal was directed and controlled by Mr. Norvell. The judgment was that defendant's answer be stricken and that plaintiffs have judgment in the sum of $3,606.45, the amount due on the contract, together with interest thereon.

Defendant moved to set aside the judgment stating as reasons therefor certain facts claimed to constitute extenuating circumstances excusing their failure to produce the records under orders of the court.

The court heard such evidence as the parties offered on this motion. We do not deem it of sufficient importance to recite it here. For the most part it tended to substantiate the facts established at the hearing on the motion for default judgment. While there are instances of variations and contradictions, the trial court heard the evidence on both occasions and was in position to weigh all of the evidence; to believe or disbelieve any or all of it; and to judge the credibility of the witnesses. Whether or not Mr. Norvell, sole owner of Bil-Nor, was confused by information furnished to him by Jones, is not very material in view of the fact that Mr. Woods has also been an attorney of record in the case since March of 1965, almost a year prior to the main occurrence which gives rise to this present contention.

The court overruled and denied the defendant's motion to vacate and set aside the judgment.

Plaintiffs' position here is based on the provision of Civil Rule 61.01. Paragraph (d) thereof provided as follows:

"* * *

"(d) Willful Failure to Appear—Consequences of.

"If a party, or if the party served is a public or private corporation, a partnership or other unincorporated association, an officer, director, general manager or managing agent or partner thereof, willfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to return answers to interrogatories submitted under Rule 56, after proper service of such interrogatories, the court on motion and notice may strike out all or part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party"

The court found that Mr. Norvell, the owner and manager of Bil-Nor, the defendant herein, personally caused the subpoena served on Gail Phillips to be ignored. Mr. Norvell had previously testified by deposition that Gail Phillips was the custodian of the records which plaintiff sought to have produced for its examination. He also testified at the trial on the motion to vacate that *he* was Bil-Nor, and that the records belonged to Bil-Nor. The evidence was to the effect that plaintiff had vainly sought to examine such records over a period from October 11th, 1965, when defendant had agreed to produce them without subpoena or court order, until February 15th, 1966, when it caused notice of deposition to be served. The deposition was to be taken in St. Louis on February 23rd, only ten days prior to March 2nd, when the trial was to be heard. When plaintiff's counsel arrived at the appointed place he was told that Mr. Norvell would not permit the records to be produced in court.

No one notified plaintiff's counsel that the records would not be produced. Such notice would have been appropriate under rules of ordinary courtesy. It won't do to quibble in this case. Defendants failed and refused to produce the records, after agreeing to do so without court order, for a period of four months. This is a case of willful and arrogant violation of the rule, the language of which is so clear as to require no construction when applied to the facts developed in this case.

Authority and legal precedent for the action of the trial court is well established and settled. In Miles v. Armour, 239 Mo. 438, 144 S.W. 424, 426, the trial court struck defendant's pleadings and rendered default judgment against him because of his refusal to testify by deposition in a foreign state. The authority for the court action was section 6361, R.S.Mo.1909. We deem it unnecessary to cite further authority in support of our ruling that the court's action in entering a default judgment was fully justified. In overruling and denying defendant's motion to vacate and set aside the default judgment the trial court did not abuse its discretion. Dodge v. Safe-Guard Sales, Inc. (K.C.App.), 356 S.W.2d 101, 102.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.