Butler, D. J.
Taking the libellant’s case as stated by himself, as we must, is he entitled to the remedy invoked ?
Of the jurisdiction of the court I entertain no doubt whatever. The right to proceed in rem is not so clear. A careful examination of the subject in the light of the authorities, has however, satisfied me that the libellant is entitled to this remedy. He was lawfully on the vessel, at the instance of the master, and for her benefit. It is unimportant that the contract to repair was not directly with him; he was there in pursuance of it. It was therefore his right to have the vessel so kept and managed as to render him secure from unnecessary danger while on board.
Whether he be regarded as a passenger after the vessel moved —(and I incline decidedly to the opinion that he may be; because, taken on a voyage, as he was without consent, it would seem quite reasonable to hold the vessel to an implied contract to treat him as a passenger) — or simply as a workman, engaged in repairing the vessel in the river I believe him to be entitled to proceed by attachment. If the movement of the vessel under the circumstances stated in the libel was justifiable, the duty to exercise proper care, to avoid accident in transferring her to another landing is plain. That such care was not exercised, and that the injury resulted from this cause, the libel sufficiently avers. For this injury, — whether the libellant be regarded as a passenger while the vessel was in motion or simply an ordinary workman engaged in making repairs, I believe, as before stated, the vessel is liable. I will not enlarge on the subject; for had I the inclination, I have not now, the time. It is sufficient to say that in my judgment the decided weight of recent authority supports the conclusion stated. The opinion of Judge Benedict in Gerrity v. The Kate Cann, decided in April last, and published in the Federal Reporter of the eighteenth inst., (vol. 2, No. 2, p. 241,) very fully covers the case in hand; and presents an examination of the interesting question involved and the •authorities, so able, and satisfactory that it would be unprof *603 itable to add anything to what is there said. The cases of The Marevic 1 Sprague 23, and The New World, 16 Howard 469, may also be read, with interest in this connection.
To determine whether the record (which is very peculiar) is in condition for a decree pro confesso, required a careful inspection of it, and an examination of the rules. In this I availed myself of the very valuable assistance of Henry E. Edmunds Esquire, who as amicus curice, made the full and satisfactory report which I file herewith, and adopt as the court’s expression of judgment on this subject.
I do not think the sureties can take advantage of the irregularities in the proceeding. U. S. v. Four Pieces of Cloth, 1 Paine, 435; The Alligator, 1 Gallison R. 149; U. S. v. The Schooner Little Charles, 1 Brockenbury, 380; Dexter v. Munroe, 2 Sprague, 39. There is nothing inequitable in holding them to the terms of their obligation; and justice to the libellant requires that it shall be done.
The court has repeatedly suggested the desirableness of having the owners come in, the irregularities in the proceeding thus removed, and the case'put to trial on its merits. I do not therefore see occasion for further delay; and the decree asked for will be now entered.
The following is the report of Henry E. Edmunds referred to in the foregoing opinion (after reciting the facts already stated.) By the provision of the eleventh rule of the supreme court (in admiralty) “where any ship shall be arrested, the same may, upon the application of the claimant, be delivered to him * * * upon his giving stipulation with sureties.” And by the twenty-sixth rale “the party claiming the property shall verify his claim on oath, stating that the claimant by whom or on whose behalf the claim is made is the true and bona fide owner and that no other person is the owner thereof” — “and where the claim is put in by the agent or consignee, he shall also make oath that he is duly authorized thereto by the owner.”
The record does not show that this claim was ever made “pro forma,” by any one, but I am satisfied that it was in fact, and in effect made by Thackara. On fifteenth November, *604 1879, he asked for the surrender of the vessel to him for her owners and gave stipulation in which it is recited that the owners of said bark by William N. Thackara are the claimants and that the “owners or the claimants” would well and truly abide all the orders of the court, otherwise he the said Thackara and his surety acknowledged themselves to be jointly and severally indebted unto the libellant in the sum of $1,500 to be levied of their goods and chattels, lands and tenements.
Thus far, therefore I am satisfied that although the record may not be “pro forma, ” as prescribed by the rules, yet it is in effect sufficient to estop Thackara or his owners from taking advantage of the irregularity, especially after the delivery of the vessel to them. The duty to make the “pro forma” claim was theirs, they cannot now, after having received the vessel, take advantage of their own neglect to defeat the libellant.
They perhaps should not have been permitted to enter stipulation without first making the usual claim, but they were so permitted. The right to insist upon this claim was waived for their benefit. It could not have been otherwise. Can they now say that their stipulation should be avoided because of this waiver ? I think no court would assist them under such circumstances.
The proceedings therefore being in effect regular up to this stage, what next do the rules prescribe. By the nineteenth admiralty rule (of this district) an answer must be put in before the return day. Answer was made on return day (November 21st.) Thackara answers, he says, his firm are the consignees of the vessel and this is the only title under which he claims a right to answer. Under the third admiralty rule (of this district) the answer must be made by the party, (when within the district) otherwise by an attorney in fact, specially instructed. Surely therefore his answer amounts to nothing. It cannot be said that it is within the line of the duty of a mere consignee of a vessel, to make answer and defend an action, unless specially authorized or instructed, especially when he does not even disclose his principals. The *605 duty of a consignee of a vessel is simply to make her collections and disbursements and obtain business for her. What is to prevent the owners of the vessel from repudiating the action of Thaekara. Cannot they come in and say that he had no authority to answer and they are not bound by his answer. He does not even allege that he has any such authority or that any one has so instructed him. I am satisfied that his answer is not therefore sufficient and the exceptions to this answer should be sustained.
December 4, 1879, Lawrence Johnson & Co. filed their answer — which is also excepted to. There are many objections to this answer. In the first place it comes too late, and upon protest the court could and under the circumstances of this case probably would, impose terms, before permitting it to be filed at all. I am inclined to think that the present exceptions must be taken as in effect such a protest.
In the second place Lawrence Johnson & Co., do not pretend that they are authorized or instructed to make answer, they do not even say that they are the general agents or attorneys for the owners, they simply allege that on the sixth day of October, 1879, they received a bill of sale for the vessel for English parties and for that purpose they are agents,
Besides, this answer is insufficient. It would be loose pleading, such as the rules do not permit and the court ought not to allow an answer to stand, which merely states that the respondent has read what some other person has said in the cause and is willing to adopt it. The twenty-seventh rule promulgated by the supreme court provides “that the answer shall be full and explicit and distinct to each separate article and separate allegation of the libel, in the same order as numbered in the libel.” It follows therefore that this answer is bad and the exceptions thereto should be sustained.
This would leave the record clear for a decree pro confesso under the rules, provided the court shall be of opinion. (1) that the jurisdiction can be sustained (for by the terms of the allowance indorsed on the libel the court must pass upon the sufficiency of the libel, now even if it were not bound to take
*606 judicial notice of a question of jurisdiction not suggested by the record;) (2) that such a decree is properly entered against the stipulators and claimant, and (3) that the owners of the bark should not have further time to place themselves on the record. [Note. And if they should do this they could, in view of the delay, be put under such terms as would clear away all questions in reference to the record, to-wit, file on oath a proper claim and give stipulation.]
The question of jurisdiction, I leave.
By the authority of the twenty-ninth and thirtieth rules (supreme court, in admiralty) there can be very little question as to the second point. They must be interpreted to mean that the libellant is entitled to a decree against the owners, claimants and stipulators of and for the vessel; and the stipulators having agreed by their bond that they would answer for the default of the owners, they must be held now to their bond.
The fact that the owners are not specially named in the bond ought not to avail the stipulators. The true owners were known to them only and they knew when they signed the bond and received the vessel, that the owners were not joined in the bond. I am aware that there are decisions and one quite recently, Johnson v. Township of Kimball, 39 Mich.-, which say that a bond not signed by the principal is uncollectible against the sureties, but these are cases where it was intended and expected that the principal should join. In the present case the sureties gave the bond knowing that the principal would not sign, and it was so taken to oblige them.