## THE FRED M. LAWRENCE et al.

### (Circuit Court of Appeals, Second Circuit, May 25, 1899.)

### No. 153.

ADMIRALTY—SUIT IN REM—PROCEDURE ON INSOLVENCY OF SURETY ON RELEASE BOND.

In a suit in rem for collision, where the vessel attached had been released on stipulation, on the insolvency of claimant's sureties an order was made pursuant to a rule of court requiring the claimant to furnish additional security, and, on a failure to comply with such order, the claimant's answer was stricken out, and a decree entered pro confesso for an amount of damages ascertained on a reference by a commissioner. *Held*, that the striking out of the answer and entry of the decree could not be deemed a punishment of the claimant for failure to obey the court's order, but was a proper procedure to bring to an end a proceeding in rem in which, through the fault of the claimant, the libelant had neither the res nor security.

Appeal from the District Court of the United States for the Eastern District of New York.

On September 30, 1893, a libel in rem was filed in the district court for the Eastern district of New York against the canal boat Fred M. Lawrence by the Union Marine Insurance Company to recover damages for a collision, and the vessel was attached, whereupon Elizabeth E. Hickok filed her claim as owner, and the value of the vessel was fixed by consent at $3,400. The said Hickok, Alfred Hamilton, and Edward M. Clarkson entered into a stipulation that, in case of default or contumacy on the part of the claimant or her sureties, execution for the agreed value, with interest thereon, might issue against their goods, chattels, and lands, and the vessel was released. The condition of the stipulation was, in substance, that, if the stipulators should at any time upon the interlocutory or final order or decree of the district court or appellate court, and upon notice to the proctors for the claimant, pay the money awarded by the final decree, the stipulation should be void. The claimant filed her answer on December 16, 1893. Nothing more was done in the case until April 16, 1898, when a motion was made, which was granted on June 8, 1898, that, by reason of the insolvency of the sureties, the claimant or her sureties should furnish better and sufficient security at a specified time, and, if not furnished, the answer should be deemed stricken out. This order was made by authority of rule 23 of the district court, which was made pursuant to section 913 of the Revised Statutes. Rule 23 is as follows: "In all cases of stipulations in civil and admiralty causes, any party having an interest in the subject-matter may at any time, on two days' notice, move the court on special cause shown for greater or better security; and any order made thereon may be enforced by attachment or otherwise." The order was not complied with, and on June 25th it was ordered that the answer should be deemed stricken out, and that the libel should be taken pro confesso against the claimant and her sureties, and should be referred to a commissioner to report the damages. Counsel for the claimant attended upon the reference and upon the commissioner's report, which found the damage to have been $3,266.39, and the interest thereon to be $970.65. A decree was entered that the libelant recover from the Fred M. Lawrence, the claimant, and the stipulators the amount thus found and costs, and that, unless the decree was satisfied within a specified time, the stipulators for costs and value on the part of the owner show cause within a specified time why execution should not issue against them. From this decree the claimant and the sureties have appealed, upon the ground that the district court was without authority to order that the answer should be stricken out, or that the libel should be taken pro confesso.

Philip Carpenter, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. It is true that a court cannot deprive a defendant of the opportunity to appear, or, after a seasonable appearance, to defend, either as a punishment, or because he may be deemed to have forfeited such rights by any misconduct. In such case, "a sentence of a court pronounced against a party without giving him an opportunity to be heard is not a judicial determination of his rights." Windsor v. McVeigh, 93 U. S. 274; McVeigh v. U. S. 11 Wall. 259. The power of a court, which can punish for contempt, to strike the answer of a defendant from the files and render judgment against him, because he has been guilty of an aggravated contempt of court, was exhaustively examined and was denied in Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841.

In this case the order that the libel be taken pro confesso was not a punishment, but was an order made upon the default of the claimant and her sureties, and the decree was upon an ascertainment of damages after the default. This is manifest from the nature of the proceeding and of the stipulation. In a suit in admiralty in rem, the vessel, which is the offending thing, is the defendant. "The distinguishing and characteristic feature of such suit is that the vessel or thing proceeded against is itself seized and impleaded as the defendant, and is judged and sentenced accordingly." The Moses Taylor, 4 Wall. 411. Throughout the entire proceedings she is acting either in conformity with the rules of court or is in default. When the vessel, which is in the custody of the marshal, is permitted to be restored to the claimant upon his entering into a stipulation in a sum equal to the appraised value of the property, the stipulation "becomes a substitute for the thing itself, and, if judgment passes for the libelant, it is entered on the bond or stipulation, and execution issues accordingly," and the stipulators are liable for the consequences of a default. Lane v. Townsend, Ware, 289, Fed. Cas. No. 8,054; The Nied Elwin, 1 Dod. 53. The discharge of the vessel is so absolute that it was held by Justice Nelson that the court cannot order a rearrest when she has been fairly discharged on the customary stipulation (The Union, 4 Blatchf. 90, Fed. Cas. No. 14,346; The White Squall, 4 Blatchf. 103, Fed. Cas. No. 17,570); but the English authorities are not uniform on this subject (The Hero, Brown & L. 447; The Freedom, L. R. 3 P. C. 594). Therefore, when the vessel has been discharged, and the stipulation becomes worthless, the libelant is remediless, unless new security can be given, and the power of the district court to make a rule for the relief of libelants who are in this situation cannot be properly questioned. The Virgo, 13 Blatchf. 255, Fed. Cas. No. 16,976; The City of Hartford, 11 Fed. 89. In pursuance of the rule, an order was made in this case, with the result that the inability of the claimant and sureties to furnish better security was admitted and she was in default. The order for the ascertainment of damages was not a punishment, but was to enable the libelant to bring to an end a proceeding in rem in which, through the default of the claimant, it had neither res nor substitute. The undertaking of the stipulators was to answer for

the default of the claimant, and they are liable accordingly. Todd v. The Tulchen, 2 Fed. 600. The decree of the district court is affirmed, with costs.