THE FRED E. RICHARDS. THE MARY L. CROSBY.
THE HENRY R. TILTON.

(District Court, S. D. New York. February 23, 1918.)

No. 217.

1. ADMIRALTY ⊜⟶90—CONSTITUTIONAL LAW ⊜⟶315—DECREE PRO CONFESSO—
   DUE PROCESS OF LAW.
   Where respondents filed an answer, but failed to answer interrogatories addressed by libelant to them, their default does not warrant the entry of a decree pro confesso against respondents, for that deprives them of due process guaranteed by Const. U. S. Amend. 5.

2. ADMIRALTY ⊜⟶72—EQUITY RULES—APPLICABILITY.
   Admiralty rule 32 (29 Sup. Ct. xlii), declaring that the defendant shall have the right to require the personal answer of the libelant under oath to any interrogatories which he may propound, and that in default of answer the court may adjudge the libelant to be in default, and dismiss the libel or compel his answer by attachment, or take the subject-matter of the interrogatories pro confesso, is not extended to defendants by virtue of equity rule 58 (198 Fed. xxxv, 115 C. C. A. xxxv), declaring that the court or judge, upon motion and reasonable notice, may make all such orders as may be proper to enforce answers to interrogatories, and that any party failing or refusing to comply with such an order shall, if a defendant, be liable to have his answer stricken and be placed in the same situation as if he had not answered, for the equity rule is obviously inapplicable to an admiralty case notwithstanding there is a similarity in practice between equity and admiralty.

3. ADMIRALTY ⊜⟶75—INTERROGATORIES.
   Under admiralty rule 38 of the Southern district of New York, declaring that, after joinder of issue and before trial, any party, by leave

of court granted on motion, may examine the opposite party, his agents or representatives, or deliver interrogatories in writing for the examination of such party, and in case the order shall provide for an examination by interrogatories, the answers thereto shall be made under oath, a libelant, who did not obtain leave of court before filing interrogatories for answer by respondent, is not entitled to aid of the court on account of respondent's failure to answer, notwithstanding it was the ordinary practice in the district to file interrogatories without leave.

In Admiralty. Libel by the Rockland & Rockport Lime Company, owner of the steamship Fred E. Richards, against the owners of the schooners Mary L. Crosby and Henry R. Tilton, with citation against Fields S. Pendleton. On motion by F. S. and E. S. Pendleton, claimants, to set aside and vacate a decree entered pro confesso. Motion granted.

Carpenter & Park, of New York City, for libelant.

Roscoe H. Hupper, of New York City, for respondents Pendleton.

MANTON, District Judge. This is a motion to set aside and vacate a decree entered pro confesso herein.

[1] On July 17, 1917, the libelant filed its libel as owner of the steamship Fred E. Richards against the owners of the schooners Mary L. Crosby and Henry R. Tilton, to recover, $2,375, the fair and reasonable value of the services of the steam tug while, at the request of the respondents, she was engaged along the New England coast. The citation was against Fields S. Pendleton, and was returned September 15, 1913; it was adjourned until September 22, 1913, no appearance being entered on behalf of Pendleton; default was taken and an interlocutory decree and order of reference was signed. The damages were proven before a commissioner and a final decree entered. Thereafter Pendleton, through his attorney, moved to vacate the final decree, which was granted on November 7, 1913, on the payment of costs. An answer was filed on behalf of the two Pendleton claimants, and citations served upon the three other respondents, Lewis, Kenyon, and Nugent. Upon their default, an interlocutory decree and final decree were entered against each. This default was afterward opened, an answer was filed, and interrogatories addressed to the libelant, answers to which were filed by the libelant; and it filed and served on the respondents' attorneys interrogatories addressed to them. There was a default in answering these interrogatories. Upon notice to the respondents' attorneys, a decree pro confesso was entered on August 26, 1915, and a final decree on September 20, 1915. Heretofore an application was made to vacate the decree pro confesso, that application being addressed to the discretion of the court, and it was denied.

The respondents Pendleton now move to vacate the decree pro confesso upon the ground that the same could not be granted, and, further, that the interlocutory and final decrees and judgment entered were beyond the power of the court and in violation of the due process of law guaranteed by the Fifth Amendment of the Constitution. The respondents rely upon Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215, in maintaining that an interlocutory and final

decree in this case are wholly void. After the respondents failed to answer the interrogatories, Judge Lacombe granted an order on August 26, 1915, "taking the libel herein pro confesso, or adjudging the respondents Fields S. Pendletor. and Edwin S. Pendleton in contempt of court for failure to answer .he libelant's interrogatories."

The affidavit in opposition to this motion states that the respondents' counsel appeared after notice and stated that he would not oppose the motion, but requested the withholding of the entry of the order until the following Monday. Notice of reference was then served upon the attorney for the respondents, and the commissioner took testimony resulting in this decree. In Hovey v. Elliott, supra, the respondent's answer was stricken out and a decree pro confesso entered, where the defendants had failed to pay money into court pursuant to an order made after the answer was filed. The defendants were adjudged guilty of contempt and the decree so provided, and, further, that if they failed to comply with the decree for the payment of the money into court the answer filed by them in the cause be stricken out, and that the cause then proceed as if no answer had been interposed. The Supreme Court, speaking through Mr. Justice White, held that granting a decree pro confesso and striking out the answer was a violation of the defendant's rights under the due process of law provision of the Constitution, and this case was cited and followed in this circuit in The Fred M. Lawrence, 94 Fed. 1017, 36 C. C. A. 631. Judge Learned Hand later refused to strike out an answer for failure to answer certain interrogatories in Barnes v. Trees (D. C.) 194 Fed. 230.

A decree, therefore, which is granted in violation of these authorities, and of the Constitution, is void, and the respondents are entitled to have it vacated as a matter of right.

[2, 3] Rule 32 of the admiralty rules of the Supreme Court (29 Sup. Ct. xlii) provides as follows:

"The defendant shall have a right to require the personal answer of the libelant under oath or solemn affirmation to any interrogatories which he may, at the close of his answer, propound to the libelant, touching any matters charged in the libel or touching any matters and defenses set up in the answer subject to the like exception as to matters which shall expose the libelant to any prosecution or punishment, or forfeiture, as is provided in the thirty-first rule. In default of due answer by the libelant to such interrogatories, the court may adjudge the libelant to be in default and dismiss the' libel, or may compel his answer in the premises by attachment, or take the subject matter of the interrogatories pro confesso in favor of the defendant, as the court, in its discretion, shall deem most fit to promote public justice."

But this rule does not apply to the respondent, but applies to the libelant. Rule 58 of the Rules of Practice of the Courts of Equity of the United States (198 Fed. xxxv, 115 C. C. A. xxxv) provides:

"The court or judge upon motion and reasonable notice may make all such orders as may be proper to enforce answers to interrogatories or to effect the inspection or production of documents in the possession of either party and containing evidence material to the cause of action or defense of his adversary. Any party failing or refusing to comply with such an order, shall be liable to attachment and shall also be liable if a plaintiff, to have his bill dismissed, and, if a defendant, to have his answer stricken out and be placed in the same situation as if he had failed to answer."

The libelant argues that courts of admiralty, within the limits of their jurisdiction, resemble courts of equity in their practice and modes of procedure, that the foregoing rule of equity practice should be made applicable here, and that rule 58 was established after the decision in Hovey v. Elliott, supra, and therefore must be held to reverse that decision. I think this view erroneous. The admiralty court has laid down its rules of practice, which must be deemed full and sufficient and must be followed, and the equity rules cannot be borrowed for the purpose of determining the procedure in an admiralty cause. There is no converse rule to rule 32 of the Supreme Court above referred to. Admiralty rule 38 of this district provides for an examination and discovery before trial, as follows:

"After joinder of issue and before trial, any party by leave of the court granted on motion may examine the opposite party, his agents or representatives, or deliver interrogatories in writing for the examination of such party, his agents or representatives, with regard to any fact material to the issues. In case the order shall provide for an examination by interrogatories, the answers to the interrogatories shall be made under oath and filed within ten days after the delivery thereof, or within such further time as may be allowed by the court."

This appears to be the admiralty court's own rule, applicable in a situation as here presented. The inquiry, therefore, must be: What is the relief which should be granted for failure to answer interrogatories propounded under this rule? In the instant case, leave of the court was not granted on motion for propounding the interrogatories; but counsel says the interrogatories were propounded in accordance with the common practice prevailing in the district. While such may be the practice (since the admiralty practice is free from technicalities), still a failure to follow this common practice, which is not provided for by any rule of law or of the court, should not condemn the litigant failing to answer interrogatories to the extreme penalty of depriving the litigant of his day in court.

Rule 32 provides that the libel may be dismissed if the libelant fails to answer interrogatories; but the dismissal is not upon the merits, and the libelant may sue again. But here is a judgment on the merits against the respondents and forecloses forever the respondents' opportunity to be heard. The failure to answer the interrogatories, if propounded under an order of the court, may be penalized by excluding testimony upon the subject-matters of the inquiries or by punishing for contempt; but, where an answer stands to the libel, there can only be a decree after the case is reached in its regular order upon the calendar and libelant's right to succeed shown by evidence before a judge of the court.

I think the respondents are right in their contention, and, even though there have been flagrant defaults by them, I am obliged to vacate this decree, for the reason that it is entered in violation of the respondents' constitutional rights.