### THE GASCONIER.

### NIELSEN v. ROBYN.

(District Court, E. D. New York. July 14, 1924.)

**1. Admiralty ⬅39—Action in rem against vessel held not maintainable after dismissal of prior action on same cause, wherein bond had been given by claimant.**

Where libelant, in action in rem against vessel for personal injuries wherein claimant had given bond, deliberately abandoned action when reached for trial, *held*, on execution of bond, vessel returned to her owner free from any lien of libelant's claim, and that second action in rem against it for same cause of action was not maintainable, and this regardless of the protection due seamen.

**2. Admiralty ⬅57—On execution of bond to release it from lien, in action in rem ship returns to owner from lien.**

In action in rem, when bond or other security is given to release ship from lien, it takes place of ship which returns to her owner free from lien except there be fraud in appraisement or bond.

In Admiralty. Libel by Alec Nielsen against the steamship Gasconier; Maurice Robyn, claimant. On motion to dismiss and to vacate attachment. Motion granted.

Silas B. Axtell, of New York City (Lucien V. Axtell, Jr., of Flushing, N. Y., of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (E. B. Long, Jr., of White Plains, N. Y., of counsel), for claimant.

CAMPBELL, District Judge. This is a motion to dismiss the libel filed herein on the 9th day of June, 1924, in an action in rem, and to vacate the attachment made by the marshal under process of this court.

Libelant commenced an action for damages for personal injuries in the New York Supreme Court in Richmond county, on December 14, 1922, which is still pending.

On April 16, 1923, the libelant commenced

an action in rem against the steamship Gasconier for the same cause, based on the same facts, in this court, and in that action a bond for $25,000 was given by the claimant.

This action was noticed for trial and thereafter duly reached for trial on April 2, 1924, having been previously set down for trial on that day without objection, on a call of the admiralty calendar held on March 22, 1924, and, on the failure of the libelant to proceed, the case was dismissed.

On April 3, 1924, the libelant moved to open his default, but the motion was denied by Judge Inch, who filed a memorandum on such denial, in which he held that there was no default in the sense that failure to appear had been caused by inadvertence or mistake, but that on the contrary the action of the libelant's counsel constituted a deliberate abandonment, and held that to have been established by the moving papers presented before him.

On June 24, 1924, the libelant commenced a new action in rem in this court against the said ship for the same cause and based on the same facts, in which action process was issued, and it is the libel in this action that claimant now seeks to have dismissed.

The first action in rem has been held by one of the judges of this court to have been abandoned, and, that decision not having been reversed on appeal, is binding on this court.

[1] I am fully aware that the rights of seamen are to be carefully protected, but that does not mean that a proctor or advocate may play with this court and hide behind the fact that his client is a seaman.

If the libelant now finds himself in a less advantageous position than is satisfactory, it is due entirely to the unwillingness of his proctor to prosecute the prior action when it was reached for trial; and, while the rights of seamen are to be protected, so are the rights of the ship and claimant, and it is apparent that it would place an unreasonably heavy burden on the claimant to compel it, more than two years after the happening of the alleged accident, to try and find the witnesses to the accident and even take their testimony by deposition, which they would be compelled to do, as any depositions taken in a former case are not admissible in this case.

It would therefore seem that on the merits the decision should be in favor of the claimant, and, not only should the motion be granted on the merits, but I am of the opinion that I am not vested with discretion but bound by the law to grant this motion.

[2] There can be no question about the right of the libelant to bring an action in personam after dismissal or discontinuance of an action in rem, but it seems equally clear that once a bond or other security is given to release a ship from a lien, in an action in rem, the bond or other security takes the place of the ship, and the ship returns to her owner free of the lien, except there be fraud in the appraisement or bond, in which case the court has the right to recall the vessel for the purpose of requiring an honest appraisement and exacting a legal bond, as in case of a mistake in the amount of the bond, in which case the court can require additional security. The Kalamazoo, 9 Eng. Law and Eq. 557; The Wild Ranger, Brown and Lush. 84; The Union, Fed. Cas. No. 14346; The Old Concord, Fed. Cas. No. 10482; Benedict's Admiralty (4th Ed.) p. 286, § 421.

Had the stipulators on the bond become insolvent, the ship could not have been rearrested; the only remedy would have been to order the claimant to file new security on penalty of contempt or of being denied the right to appear further and contest the suit. The Fred M. Lawrence, 94 F. 1017, 36 C. C. A. 631; Home Ins. Co. v. The Concord, Fed. Cas. No. 6659; The Old Concord, Fed. Cas. No. 10482.

Where the former suit in rem had been discontinued by libelant and costs paid after claimant had given a bond and obtained the release of the ship, a libel in a subsequent action in rem for the same cause was dismissed. The Thales, Fed. Cas. 883, No. 13855, affirmed Fed. Cas. 884, No. 13856, in which, at page 883, Judge Blatchford said:

"There can be no doubt that the vessel is not liable to arrest in this action for the same cause of action for which she was arrested in the former action, she having been duly discharged on bond in that action."

And again, at page 884, answering libelant's claim that by discontinuance and payment of costs the new action was an original one, he said:

"This view overlooks the fact that the vessel was discharged on bond. * * * The rights of the parties interested in the vessel were fixed by the bonding and discharge, and she then returned into their hands freed from the lien or charge for which she had been arrested, and from liability to be again arrested therefor. * * * Such liability could not be renewed or recreated, against their consent, by the ac-

tion of the libelants in discontinuing the suit."

Where the former suit had been brought in rem by the owner of a scow to recover damages from a tug which had been released on giving a bond, and the suit had been dismissed because of libelant's failure to file security for costs, a second suit in rem brought by the wife of the former owner of the scow for the same cause of action was dismissed. The William F. McRae (D. C.) 23 F. 557, in which Judge Brown said:

"That a vessel discharged from arrest upon admiralty process by the giving of a bond or stipulation for her value, or for the payment, of the amount claimed in the libel, returns to her owner freed forever from the lien upon which she was arrested, and can never be seized again for the same cause of action, even by the consent of the parties, is a proposition too firmly established to be open to question."

Where two suits in rem were brought by the same libelant for the same cause of action against the same vessel, in the first the libelant having been allowed to sue in forma pauperis, and the court, later determining that the affidavits upon which the order therefor had been granted were untrue, and considering that there had been an abuse of process of the court, made an order dismissing the suit without prejudice to the libelant to commence other suits for the same cause of action, such order of dismissal having been made after the vessel had been released on giving bond, the court dismissed the second suit on the ground that the giving of the bond in the first suit released the vessel from the lien. In that case, The Cleveland (D. C.) 98 F. 631, at page 632, Judge Hanford said:

"This case does not come within any recognized exception to the general rule. The release of the steamer Cleveland was not obtained by means of fraud on the part of the claimant, nor was the decision of the court in the former case founded upon a mistake or misunderstanding of the facts. The court has not passed an order in this case directing that the vessel be again taken into custody, but the libelants are endeavoring to proceed as if the former suit had never been commenced, and as if it were permissible for them to ignore the fact that in the former suit a bond to answer their several demands was received as a substitute for the security which they obtained by attaching the vessel. Upon the authority of the decisions above referred to, and other cases to which they refer, I am obliged to hold that the release of the steamship Cleveland in the former suit against her, by these libelants, discharged her absolutely from liability to answer the demands of the libelants in this case, and that the proviso in the order dismissing the former suit that the same was made without prejudice can have no other effect, as a saving clause, than to prevent the decree of dismissal from being set up in bar of subsequent suits in personam against the master or owners of the vessel."

The motion to dismiss the libel and vacate the attachment made herein is granted.