THE STELLA R.

THE MARJORIE R.

THE GILDERSLEEVE NO. 342.

THE DANIEL R. ROE.

THE SEABOARD NO. 10.

THE DANIEL ROE.

SCHOONMAKER TRANSP. CO., Inc., v. NEW YORK TRAP ROCK CORPORATION et al.

District Court, S. D. New York.
Aug. 15, 1932.

William F. Purdy, of New York City, for libelant.

Foley & Martin, of New York City (by J. A. Martin, of New York City), for claimant.

WOOLSEY, District Judge.

I grant these motions only to the extent hereinafter indicated.

I. Under the authority of The Fred M. Lawrence, 94 F. 1017 (C. C. A. 2) an interlocutory decree pro confesso whereby the cause is referred to Anthony M. Menkel, Esq., as commissioner to assess the damages of the libelant, may be entered in each case and may contain a provision that the reference shall commence promptly and shall proceed, if possible, from day to day.

II. Not long ago I stated my view, in a situation somewhat analogous to this, that a rearrest of a vessel which had been fairly released on stipulation would not be possible because by filing the stipulation the vessel is freed of the maritime lien on which the proceeding in rem brought against her is based. J. K. Welding Co. v. Gotham Marine Corporation (D. C.) 47 F.(2d) 332, 335; cf. Fred M. Lawrence, 94 F. 1017, 1018 (C. C. A. 2).

Thus the remedy of rearrest which naturally first occurs to one's mind is precluded. For it would be most unfair if a new purchaser of one of the tugs here had bought her on the reliance of the discharge of the maritime lien here involved, should have her rearrested in his hands. The fact that no such transfer appears on the papers in the present case does not alter the principle which must obtain inviolate.

III. The claimant has appeared in each of these proceedings by its claim and by signing the stipulation for value has submitted to the jurisdiction of the court and agreed to pay any decree found against it. So there is a res here against which the case may proceed, although it is not as valuable a res as both parties contemplated when the stipulation for value herein was given.

The penalty which the claimant has suffered is that he is held in default for failing to maintain the value of that res on demand. But I do not think that his property should be presently subject to any mesne attachment. When the damages are fixed by the final decrees as entered in these cases, they will be enforced by execution against the claimant's property.

To allow a mesne attachment at the present time might I think result in great injustice and unnecessary inconvenience to the claimant for until the damages are fixed we do not know to what extent the claim of the libelant may be inflated. Especially at the present time it would be unfortunate possibly to have the property of the claimant tied up because of his inability to bond it.

The practice I suggest here is precisely in accordance with the practice followed with the approval of the Circuit Court of Appeals for this circuit in The Fred M. Lawrence, 94 F. 1017, as I read that case.

Settle interlocutory decrees on notice.