## THE GREYHOUND.
### No. 177.

Circuit Court of Appeals, Second Circuit. Jan. 29, 1934.

Alfred C. Bennett, of New York City (Abraham J. Halprin, of New York City, of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Alfred C. McKenzie, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellee obtained a decree for a money judgment on a bond given to release the American gas yacht Greyhound against Michael Santantonio, principal thereon, and George S. Van Schaick, superintendent of insurance of the state of New York, as liquidator of the Greater City Surety & Indemnity

Corporation. This yacht, licensed as a pleasure vessel, on October 16, 1931, while transporting Scotch malt in violation of the navigation laws (Rev. St. §§ 4336, 4377 [46 US CA §§ 277, 325]), was seized, and thereafter, on October 29, 1931, a libel of forfeiture was filed against it and the cargo. The vessel was released upon filing a bond of the claimant and the Greater City Surety & Indemnity Corporation as surety. The bond, in the usual form, stipulated that the claimant and vessel would abide by all orders of the court, interlocutory or final, and pay the amount of any award. The bond took the place of the vessel.

On January 25, 1933, an order was entered, in the Supreme Court of the state of New York, dissolving the surety company and directing the superintendent of insurance to take possession of its property and to liquidate its business pursuant to article 11 (§ 400 et seq.) of the Insurance Law of the state of New York (Consol. Laws N. Y. c. 28). This order contained a restraining injunction against any person bringing or prosecuting any claim against the superintendent of insurance and his successors in office as liquidator of the surety corporation. The liquidator is now in possession and liquidating the affairs of the surety.

On April 5, 1933, appellee moved for an order directing the claimant to furnish new and adequate security, pursuant to Admiralty Rule 8, or, in the alternative, for a judgment for the amount of the bond against the principal and surety. Counsel for the superintendent appearing but not opposing, an order was entered accordingly and the claimant failed to post such new security. Thereupon a motion was made and granted for the decree entered below. The superintendent appeared by counsel and resisted the motion on the ground that the surety was dissolved and that no judgment could be entered against it or the liquidator in view of the dissolution and the restraining order of the state Supreme Court.

The questions presented are (1) whether the restraining order of the state court enjoined the United States from seeking and deprived the District Court of jurisdiction to enter judgment against the surety or liquidator in the admiralty suit; and (2) whether the order of dissolution of the surety prevented judgment against the surety or liquidator.

The District Courts have exclusive jurisdiction over all seizures and forfeitures under the laws of the United States. Title 28

U. S. Code, § 41 (1, 9), and § 371 (28 USCA § 41 (1, 9) and § 371). Moreover, the District Court first acquired jurisdiction over the Greyhound by this suit in admiralty, and, on filing the bond, the court no longer concerned itself with the vessel. It had possession of the res, and had the right to adjudicate the libel of forfeiture and grant judgment upon the bond.

After the appellant took possession of the property and started liquidation of the Greater City Surety & Indemnity Corporation, a new and better security was asked for (Admiralty Rule 8, U. S. Code, title 28, § 723 (28 USCA § 723); Rule 10, Admiralty Rules Eastern District of N. Y.), and was not forthcoming. Therefore the motion for judgment was properly made and entered. The Fred M. Lawrence, 94 F. 1017 (C. C. A. 2); The Stella R. (D. C.) 1 F. Supp. 998. The appellee, without its consent, could not be enjoined from asking judgment upon this bond, and the injunction of the state court was not binding upon the federal government. Turner v. United States, 248 U. S. 354, 39 S. Ct. 109, 63 L. Ed. 291; Stanley v. Schwalby, 162 U. S. 255, 270, 16 S. Ct. 754, 40 L. Ed. 960; Field v. United States, 34 U. S. (9 Pet.) 182, 200, 9 L. Ed. 94; United States ex rel. Ray v. Porter (D. C.) 24 F.(2d) 139, 143; Porter, Receiver, v. Beha, 12 F.(2d) 513 (C. C. A. 2). And the admiralty court having first obtained jurisdiction, it could liquidate the claim on the bond. Riehle v. Margolies, 279 U. S. 218, 49 S. Ct. 310, 73 L. Ed. 669.

Reliance is placed by appellant on Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871, where the Supreme Court denied jurisdiction in the federal court to take the property of a surety company from state court receivers; the surety company having been declared insolvent by the law of the state, and the department of that state, with the usual powers of receiver under a decree of the state court, having taken possession. In the instant case, all that was sought was a decree for judgment. Its collection is another matter. Appellee does not seek to interfere with the possession of the res of the liquidator, but is seeking to liquidate its claim in the court where the suit was first instituted and later to file the claim with the liquidator. This is the proper procedure. Riehle v. Margolies, 279 U. S. 218, 49 S. Ct. 310, 73 L. Ed. 669.

While the prior and paramount federal jurisdiction over the state court's restraining order does not prevent the appellee from obtaining judgment, yet the state law determines

the second question as to the effect of the dissolution of the corporation upon the right to enter judgment against it or the liquidator. At common law and under the federal rule, in the absence of statute, dissolution of a corporation abates a pending cause of action against it. Oklahoma Natural Gas Co. v. Oklahoma, 273 U. S. 257, 47 S. Ct. 391, 71 L. Ed. 634; Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 36 L. Ed. 574. Here, as in the Oklahoma case, there is an applicable state statute. Section 29 of the General Corporation Law of New York (Consol. Laws, N. Y. c. 23), now provides (amended by the Laws of 1932, c. 552, in effect March 31, 1932) that, upon dissolution, corporate existence shall be continued for the purpose of satisfying existing liabilities and the corporation may sue and be sued in its own name. Before the amendment, section 29 provided that, on dissolution, the directors or others designated by law should be trustees to pay outstanding debts. Under the provision as it read formerly, judgment against the liquidator might have been proper, but we need not so decide, for, under the amended provision, judgment should have been entered against the corporation. The case will be reversed and remanded, with directions to the District Court to enter judgment accordingly.

■ After judgment, the appellee may present the judgment in the state court proceeding as a claim against the assets in the possession of the liquidator.

Decree reversed.